OPINION OF THE COURT
Jacqueline W. Silbermann, J.
Defendant moves for an order striking plaintiff’s pleadings for violating an order of this court and awarding sanctions and costs pursuant to Uniform Rules for Trial Courts (22 NYCRR) § 130-1.1 due to plaintiff’s abuse of the legal proceedings and for her violation of this court’s order and directives.
Plaintiff, an attorney, commenced this action for fees arising *410 from an "of counsel” relationship with defendant law firm. In the course of discovery plaintiff served a set of interrogatories on one of defendant’s clients. Defendant moved for a protective order and other relief from various of plaintiffs discovery proceedings and this motion was decided on January 4, 1993 by Hon. Jane S. Solomon. The decision in pertinent part reads as follows:
"Defendant’s motion to strike plaintiffs First Set of Interrogatories, which was served on one of defendants’ clients is granted since interrogatories may only be served on a party to the action. CPLR 3130 (1). See also Carp v. Marcus, 116 A.D.2d 854, 856 (3rd Dep’t 1986).
"Defendant’s motion to enjoin plaintiff from contacting any of its present or former clients cannot be entertained by this Court because it lacks general equity jurisdiction (NYCCA Section 202). However, in light of the improper service of interrogatories on one client, plaintiff is warned that further improper contacts of this sort might be sanctionable.”
Parenthetically, this court notes that the lack of court merger which at present prevents the Civil Court from granting complete and appropriate relief including equity relief on the prior application before it is clearly inefficient.
Subsequent to Judge Solomon’s decision, which included a cautionary warning to plaintiff, plaintiff persisted in contacting two of defendant’s clients by letter requesting answers to the interrogatories. It is these actions which are the subject matter of this present motion for an order striking plaintiffs pleadings and for sanctions.
Plaintiff, in her answer, disingenuously quotes Judge Solomon’s decision as saying that Judge Solomon’s order did not make contact with defendant’s clients improper. Moreover plaintiff guilefully states that her letters to the defendant’s clients merely advise these parties that their compliance with this notice (first set of interrogatories) was "purely voluntary.”
Plaintiff omits to mention that Judge Solomon granted the motion to strike these interrogatories. In addition, while her letters to these clients note that they are not legally required to answer the interrogatories, the letters clearly threatened these clients with the commencement of legal action if there was no "voluntary cooperation” by them in answering the interrogatories.
Plaintiffs writing of these letters is in clear violation of both the letter and spirit of the January 4, 1993 order of this *411 court. By this deliberate conduct, plaintiff, an attorney, also appears to have violated DR 7-102 of the Code of Professional Responsibility (22 NYCRR 1200.33).
Accordingly, after hearing argument on the motion and on all the papers submitted herein, this court, pursuant to Uniform Rules for Trial Courts (22 NYCRR) § 130-1.1, sanctions the plaintiff in the sum of $2,000 ($1,000 for each letter written in violation of the court’s January 4, 1993 order). This sum is to be paid to the Clients’ Security Fund pursuant to section 97-t of the State Finance Law. This action is stayed pending a copy of the receipt of the payment of the sanction being served upon the court and defendant.