■ LISA R. STRAX, Appellant, v GRANOFF & WALKER, Respondent. [642 NYS2d 870] —Order, Appellate Term, First Department (Ostrau, P. J., Miller and Glen, JJ., concur), entered January 14, 1994, which affirmed an order of the Civil Court, New York County (Jacqueline Silbermann, J.), entered on or about March 26, 1993, which granted defendant's motion only to the extent of imposing sanctions of $2,000 against plaintiff and staying the action pending payment of the sanctions, unanimously modified, on the facts, to reduce the sanction imposed to the amount of $1,000, and otherwise affirmed, without costs.

Plaintiff brought this action against defendant law firm to recover payment for services she rendered as "of counsel". Her service of interrogatories directly on one of defendant's clients on whose matter she allegedly worked resulted in an order striking the interrogatories on the ground that "interrogatories may only be served on a party to the action" and warning plaintiff that "further improper contacts of this sort might be sanctionable". A month later, plaintiff wrote letters to two of defendant's clients that confusingly threatened legal action if they did not voluntarily respond to the interrogatories that she had earlier "served" upon them. The interrogatories referred to were the very ones that had been stricken by the court. This obvious attempt to circumvent the court's order cannot possibly be justified on the basis of any ambiguity in the court's order, and was properly sanctioned as a "clear violation of both the letter and spirit" of that order (157 Misc 2d 409, 410), and as harassing conduct (22 NYCRR 130-1.1 [c] [2]), in probable violation of Code of Professional Responsibility DR 7-102 (A) (1) (22 NYCRR 1200.33 [a] [1]). Plaintiff's claim that the letter must be considered independently of the interrogatories, since it was not the questions themselves but the form of contact and its purported effect that was found objectionable, was properly rejected by the court as "disingenuous" (157 Misc 2d, at 410) absent any indication in the letters that the interrogatories had been stricken on the ground that they could not be served on nonparties.

We find the sanction imposed to be excessive to the extent indicated. Concur—Rosenberger, J. P., Wallach, Kupferman and Williams, JJ. [See, 160 Misc 2d 85, 157 Misc 2d 409.]