■ In the Matter of SONIA S., Respondent, v PEDRO ANTONIO S., Appellant. [31 NYS3d 500]—

Order of protection, Family Court, New York County (Mary E. Bednar, J.), entered on or about June 9, 2014, upon a fact-finding determination that respondent committed the family offense of menacing in the third degree, unanimously affirmed, without costs.

The allegations that respondent forced petitioner to have sex with him did not divest the Family Court of subject matter jurisdiction in the instant case, as the Family Court was authorized to consider whether the conduct in question amounted to any sexual offense enumerated in Family Court Act § 812 (1), although the Family Court found such allegations were not proven. Moreover, cases such as *Matter of Hamm-Jones v Jones* (267 AD2d 904, 905-906 [3d Dept 1999]), which dismissed similar petitions for lack of subject matter jurisdiction, pre-date the addition, effective December 15, 2009, of sexual offenses to the Family Court Act (L 2009, ch 476, § 4).

Contrary to respondent's assertions, there is support in the record for the Family Court's determination that the parties were involved in an "intimate relationship" to render the underlying offense a family offense (*see* Family Ct Act § 812 [1] [e]). Petitioner testified that they were involved from roughly 1995 until 2011, and her testimony was corroborated to some extent by her daughter, who lived with petitioner when respondent visited. While there are issues of credibility as to both parties, there appears to be no basis to disturb the Family Court's determination to credit petitioner's description of the nature of their relationship over respondent's (*see Matter of Peter G. v Karleen K.*, 51 AD3d 541 [1st Dept 2008]).

A fair preponderance of the evidence supports Family Court's finding that respondent committed the offense of menacing in the third degree (*see* Family Ct Act § 832; Penal Law § 120.15). Petitioner testified that while they were outside on a street, respondent stated that he was going to kill her, and gestured with his finger across his neck, as if to cut his head off (*see Matter of Akheem B.*, 308 AD2d 402, 403 [1st Dept 2003], *lv denied* 1 NY3d 506 [2004]; *Matter of Denzel F.*, 44 AD3d 389, 390 [1st Dept 2007]). Moreover, the Family Court was entitled to credit this portion of petitioner's testimony notwithstanding that it rejected her testimony of the alleged sexual assaults (*see Matter of Hasan C.*, 59 AD3d 617 [2d Dept 2009]; *Peter G.*, 51 AD3d 541).

Finally, respondent was not denied his right to a fair trial by the court's rulings limiting the evidence regarding conduct of which petitioner was acquitted after a criminal trial (US Const 6th, 14th Amends; NY Const, art I, § 6). That evidence related to an alleged incident on June 14, 2012, and the court ruled in respondent's favor regarding that allegation. To the extent respondent argues that evidence was relevant to petitioner's violent or aggressive conduct, and to prove petitioner filed the instant family offense petition to retaliate for her criminal prosecution, that evidence was presented. Concur—Tom, J.P., Saxe, Richter, Gische and Webber, JJ.