■ In the Matter of CHARLENE R., Respondent, v MALACHI R., Appellant. [53 NYS3d 530]—

Order of protection, Family Court, New York County (J. Machelle Sweeting, J.), entered on or about October 25, 2016, which, upon a fact-finding determination that respondent committed a family offense, directed, among other things, that respondent stay away from the apartment the parties shared, until April 25, 2017, unanimously affirmed, without costs.

Even though the order of protection has expired, we address the merits of the appeal, given the enduring consequences which may potentially flow from an adjudication that respondent committed a family offense (*see Matter of Sasha R. v Alberto A.*, 127 AD3d 567, 567 [1st Dept 2015]). Although the Family Court did not specify which family offense respondent committed, remand is not required, because "the record is sufficiently complete to allow this Court to make an independent factual review and draw its own conclusions" (*Matter of Keith H. [Logann M.K.]*, 113 AD3d 555, 555 [1st Dept 2014], *lv denied* 23 NY3d 902 [2014]; *Matter of Allen v Black*, 275 AD2d 207, 209 [1st Dept 2000]).

Based upon our review of the record, we find that a preponderance of the evidence adduced at the fact-finding hearing established that respondent's actions of taking petitioner's belongings, grabbing her by the neck, choking her, and scratching her face with enough force to cause her to bleed constituted

the family offenses of harassment in the second degree (*see Matter of Chigusa Hosono D. v Jason George D.*, 137 AD3d 631, 632 [1st Dept 2016]), assault in the third degree, and criminal obstruction of breathing or blood circulation (*see Matter of Kenrick C.*, 143 AD3d 600, 601 [1st Dept 2016]). Given the foregoing acts of violence, the court properly excluded respondent from the home for six months (*see Barbara E. v John E.*, 44 AD3d 426, 427 [1st Dept 2007]).

The Family Court properly drew a negative inference against respondent from his failure to testify at the fact-finding hearing, even though there were two unrelated criminal cases pending against him during the family offense proceeding (*see Matter of Nicole H.*, 12 AD3d 182, 183 [1st Dept 2004]).

Respondent failed to preserve his argument regarding an adverse inference against petitioner, and his remaining contentions are unavailing. Concur—Tom, J.P., Sweeny, Andrias, Moskowitz and Manzanet-Daniels, JJ.