■ In the Matter of Lorin F., Respondent, v Jason D., Appellant. [65 NYS3d 700]—

Order of protection, Family Court, Bronx County (Peter J. Passidomo, J.), entered on or about November 21, 2016, upon a fact-finding determination that respondent committed the family offense of harassment in the second degree, unanimously affirmed, without costs.

Respondent's contention that the record does not establish that the parties were involved in an "intimate relationship," as required for the underlying offense to be considered as a family

offense (*see* Family Ct Act § 812 [1] [e]), is unpreserved for appellate review (*see e.g. Matter of Larry B.*, 39 AD3d 399 [1st Dept 2007]). In any event, both parties testified that they were in a relationship on and off for at least four years, leaving no doubt that their relationship was intimate (*see Matter of Sonia S. v Pedro Antonio S.*, 139 AD3d 546, 547 [1st Dept 2016]).

Although the Family Court did not specify which family offense respondent committed, the parties addressed the offense of harassment in the second degree (Penal Law § 240.26 [3]) in their summations, and respondent concedes that "it can be inferred" from the court's findings of fact, which refer to elements of that offense, that the court found he had committed that offense. In any event, reversal would not be required because "the record is sufficiently complete to allow this Court to make an independent factual review and [to] draw its own conclusions" (*Matter of Keith H. [Logann M.K.]*, 113 AD3d 555, 555 [1st Dept 2014], *lv denied* 23 NY3d 902 [2014]; *see Matter of Charlene R. v Malachi R.*, 151 AD3d 482 [1st Dept 2017]), and upon review of the evidence, and according great deference to the court's findings and credibility determinations (*see Matter of Sonia S. v Pedro Antonio S.*, 139 AD3d at 547), a preponderance of the evidence supports a determination that respondent committed the family offense of harassment in the second degree.

Contrary to respondent's argument, the petition gave adequate notice of the incidents charged, and respondent's conduct was not an isolated incident, but a course of conduct over a period of time involving threats and demands for money, followed by postings of pictures on different sites. Concur—Acosta, P.J., Richter, Mazzarelli, Andrias and Gesmer, JJ.