Matter of Jisselle F. v Jose T. (2018 NY Slip Op 04670)





Matter of Jisselle F. v Jose T.


2018 NY Slip Op 04670


Decided on June 26, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 26, 2018

Renwick, J.P., Gische, Kapnick, Gesmer, Kern, JJ.


6965

[*1]In re Jisselle F., Petitioner-Respondent,
v
Jose T., Respondent-Appellant.


Leslie S. Lowenstein, Woodmere, for appellant.



Order, Family Court, New York County (Gail A. Adams, Referee), entered on or about October 11, 2016, which, after a hearing, found that respondent committed a family offense and ordered him to stay away from petitioner and petitioner's dog for one year, unanimously affirmed, without costs.
Although the court did not specify the degree of harassment it found respondent to have committed, a fair preponderance of the evidence supports a finding of harassment in the second degree (Penal Law § 240.26[3]), one of the enumerated offenses upon which the issuance of an order of protection may be premised (Family Ct Act § 812[1]; see Matter of Lorin F. v Jason D., 156 AD3d 548, 549 [1st Dept 2017]). There exists no basis to disturb the credibility findings of the Referee (see Matter of Everett C. v Oneida P., 61 AD3d 489 [1st Dept 2009]).
The record shows that respondent, who was petitioner's father-in-law, had been staying in petitioner's apartment, in which petitioner and her husband (respondent's son) lived with their dog, for an extended period of time. When the living situation became too strained, petitioner's husband asked respondent to vacate the apartment. Respondent, however, proceeded to threaten petitioner physically and inappropriately propositioned her, broke personal items in the apartment, walked around naked, and hit and attempted to poison petitioner's dog. During this time, respondent maintained that the apartment was his, notwithstanding that petitioner's husband had resided there for six years and his was the only name on the lease. Indeed, respondent was unable to produce a lease for the apartment with his name on it, and his explanation for his failure to do so was not believable. By his own admission, although he ostensibly had vacated the apartment, he returned to the apartment to shower, nap and change when petitioner and her husband were not home, despite the fact that petitioner's husband had never given him a key. Petitioner testified that as a result of respondent's conduct, she felt threatened and feared for her safety.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 26, 2018
CLERK