Matter of Shirley D.-A. v Gregory D.-A. (2019 NY Slip Op 00687)





Matter of Shirley D.-A. v Gregory D.-A.


2019 NY Slip Op 00687


Decided on January 31, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 31, 2019

Renwick, J.P., Gische, Kapnick, Gesmer, Moulton, JJ.


8284

[*1]In re Shirley D.-A., Petitioner-Respondent,
v
Gregory D.-A., Respondent-Appellant.


Law Office of Cabelly & Calderon, Jamaica (Lewis S. Calderon of counsel), for appellant.
Larry S. Bachner, New York, for respondent.



Order, Family Court, New York County (Gail A. Adams, Referee), entered on or about November 30, 2017, which, upon findings that respondent committed the family offenses of harassment in the second degree and menacing in the third degree, granted the petition for a one-year order of protection on behalf of petitioner against respondent and excluded him from petitioner's home effective January 15, 2018, unanimously affirmed, without costs.
As an initial matter, respondent correctly argues that the expiration of the order of protection does not render his appeal moot, given the "significant enduring consequences" of such an order (Matter of Veronica P. v Radcliff A., 24 NY3d 668, 671 [2015]; Matter of Charlene R. v Malachi R., 151 AD3d 482 [1st Dept 2017]).
Petitioner proved by a fair preponderance of the evidence that respondent, her son, committed the family offenses of harassment in the second degree (Penal Law § 240.26[1]) and menacing in the third degree against her (Penal Law § 120.15). The Referee credited petitioner's testimony, and his determination is entitled to great deference and is supported by the record (see Matter of Erin C. v Walid M., 165 AD3d 547, 548 [1st Dept 2018]). Petitioner testified that she moved out of her apartment and into her daughter's apartment in part due to fear of living with respondent who was living in her apartment. She stated that, on November 15, 2017, when she returned to her apartment, respondent made numerous threatening statements and gestures toward her while following her from room to room. Based on the surrounding circumstances, these actions and statements indicate that respondent was intending to harass, annoy or alarm petitioner, and that he intended to place her in fear of physical injury. Furthermore, the Referee had a sound basis for excluding respondent from petitioner's apartment beginning in January 2018 (see Family Ct Act § 842[k]; Matter of V.C. v H.C., 257 AD2d 27, 32 [1st Dept 1999]).
Based on the existing record, respondent was afforded meaningful representation. Counsel actively participated throughout the entire hearing, timely objected to petitioner's testimony, cross-examined petitioner, and made a coherent argument during summations (see Matter of Devin M. [Margaret W.], 119 AD3d 435, 437 [1st Dept 2014]).
We have considered respondent's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 31, 2019
DEPUTY CLERK