Matter of Yenis C. v Daniel R. (2019 NY Slip Op 07013)





Matter of Yenis C. v Daniel R.


2019 NY Slip Op 07013


Decided on October 1, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 1, 2019

Richter, J.P., Gische, Kapnick, Kern, Moulton, JJ.


9950

[*1]In re Yenis C., Petitioner-Respondent,
v
Daniel R., Respondent-Appellant.


Steven N. Feinman, White Plains, for appellant.
Cabelly & Calderon, Jamaica (Lewis S. Calderon of counsel), for respondent.



Order of fact-finding and disposition (one paper), Family Court, New York County (Gail A. Adams, Referee), entered on or about January 19, 2018, which, upon a fact-finding determination that respondent father Daniel R. committed the family offenses of assault in the third degree and menacing in the third degree, granted a one-year order of protection in favor of petitioner mother Yenis C., unanimously affirmed, without costs.
Given the enduring consequences which may potentially flow from an adjudication that respondent committed a family offense, this Court will address the merits of an appeal even though the order of protection at issue has expired (see Matter of Charlene R. v Malachi R., 151 AD3d 482, 482 [1st Dept 2017]). Contrary to respondent's contention, the record is sufficiently complete to allow this Court to make an independent factual review and draw its own conclusions as to whether petitioner demonstrated the petition's allegations by a preponderance of the evidence.
There is no basis to disturb the Referee's credibility determinations (see Matter of Everett C. v Oneida P., 61 AD3d 489 [1st Dept 2009]). Based upon our review of the record we find that a preponderance of the evidence adduced at the fact-finding hearing established that respondent's actions during the March 13, 2015 incident constituted the family offense of menacing in the third degree (Penal Law § 120.15), because petitioner's testimony that he threatened her with a steak knife and told her that "he wanted to kill [her]," causing her to become "very scared" and "very sad," shows that his words and actions placed or attempted to place her in fear of death, imminent serious physical injury or physical injury (see Family Ct Act § 832; Matter of Sonia S. v Pedro Antonio S., 139 AD3d 546 [1st Dept 2016]; Matter of William M. v Elba Q., 121 AD3d 489 [1st Dept 2014]; Matter of Melind M. v Joseph P., 95 AD3d 553, 555 [1st Dept 2012]).
We also find that petitioner's testimony that she was in a lot of pain on one occasion after respondent pushed and kicked her, requiring emergency medical attention, and had difficulty breathing on another while respondent sat on her head for about one minute and would not get off her until their 14-year-old daughter intervened, was sufficient to establish that his actions constituted the family offense of assault in the third degree (Penal Law § 120.00 [1]); People v [*2]Martinez, 90 AD3d 409 [1st Dept 2011], lv denied 18 NY3d 960 [2012]; People v Delph, 269 AD2d 218 [1st Dept 2000], lv denied 94 NY2d 947 [2000]).
We have reviewed the remaining arguments of the parties and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 1, 2019
CLERK