Matter of Melinda B. v Jonathan L.P. (2020 NY Slip Op 06046)





Matter of Melinda B. v Jonathan L.P.


2020 NY Slip Op 06046


Decided on October 27, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 27, 2020

Before: Kapnick, J.P., Webber, González, Shulman, JJ. 


Docket No. O-14051-17 Appeal No. 12180 Case No. 2019-05108 

[*1]In re Melinda B. Petitioner-Respondent,
v
Jonathan L.P., Respondent-Appellant. 


Carol L. Kahn, New York, for appellant.
Law Office of Lewis S. Calderon, Jamaica (Lewis S. Calderon of counsel), for respondent.
Janet Neustaetter, The Children's Law Center, Brooklyn (Chai Park of counsel), attorney for child.



Order, Family Court, Bronx County (Emily Morales-Minerva, J.), entered on or about October 22, 2019, which, upon a fact-finding determination that respondent-father committed the family offense of harassment in the first or second degree, granted a two-year order of protection in favor of petitioner, unanimously affirmed, without costs.
We agree with Family Court that a fair preponderance of the evidence presented at the hearing established that respondent's actions constituted the family offense of harassment in the second degree. Respondent's behavior, in attempting to strike petitioner with a bat, shoving her into a wall, and threatening the subject child, were done with the intent to alarm or seriously annoy petitioner and served no legitimate purpose (see Family Ct Act §§ 812 [1]; 832; Penal Law § 240.26 [3]; see Matter of Chu Man Woo v Qiong Yun Xi, 106 AD3d 818 [2d Dept 2013]).
Contrary to respondent's contentions, Family Court did not violate his due process rights by including in its order events to which respondent testified but which were not contained in the original family offense petition. Family Court had the authority to conform petitioner's pleadings to the proof, sua sponte (Oksoon K. v Young K., 115 AD3d 486 [1st Dept 2014],citing O'Neill v New York Univ., 97 AD3d 199, 209 [1st Dept 2012], lv denied 24 NY3d 902 [2014]; see also Cave v Kollar, 2 AD3d 386, 388 [2d Dept 2003]). Given that Family Court's determination rested squarely on respondent's admissions, and that respondent was neither hindered in preparation of his case nor suffered any prejudice due to surprise, the court properly conformed the pleadings to the proof.
We also agree that the issuance of a two-year order of protection in petitioner's favor was a provident exercise of discretion (Family Ct Act §§ 842[a]; [c]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 27, 2020