Matter of Matthew T. v Monika H. (2023 NY Slip Op 06828)

Matter of Matthew T. v Monika H.

2023 NY Slip Op 06828

Decided on December 28, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 28, 2023

Before: Manzanet-Daniels, J.P., Webber, Friedman, Shulman, Rosado, JJ. 

Docket No. O-21605-18, O-21605-18/19A Appeal No. 1319 Case No. 2021-04397 

[*1]In the Matter of Matthew T., Petitioner-Respondent,
v
Monika H., Respondent-Appellant.

Steven P. Forbes, Huntington, for appellant.
Harold J. Pokel, Brooklyn, for respondent.

Appeal from decision, Family Court, New York County (Stephanie Schwartz, Referee), entered on or about October 3, 2021, which, to the extent appealed from as limited by the briefs, determined that the court has jurisdiction over this proceeding under Family Ct Act § 812(1)(e), unanimously dismissed, without costs, as taken from a nonappealable paper.
Contrary to appellant's argument, the issue of lack of jurisdiction is not properly before this Court. Appellant did not appeal from the order denying her motion to vacate the final order of fact-finding and disposition, entered on her default, which was explicitly contemplated by the fact-finding decision from which she now purports to appeal. Accordingly, no appeal lies from this decision (see CPLR 5512[a]).
Were we to deem the appeal properly taken from a duly entered appealable order, we would find that the court providently exercised jurisdiction over this proceeding under the Family Ct Act § 812(1)(e). On these facts, the relationship between petitioner and respondent qualifies as an intimate relationship. The parties were acquaintances for three years prior to having one overnight sexual encounter, after which, largely due to respondent's own actions, they were in constant communication and had several in-person encounters over the approximately one year preceding the filing of the petition. Indeed, the nature of the communications went beyond casual conversation, containing explicit references to sexual relations between the parties, as well as the prospects of a continued romantic relationship and family together, "leaving no doubt that [the] relationship was intimate" (Matter of Lorin F. v Jason D., 156 AD3d 548, 548-549 [1st Dept 2017]).
We have considered respondent's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 28, 2023