Schwartz v Mount Sinai Hosp. (2024 NY Slip Op 04750)

Schwartz v Mount Sinai Hosp.

2024 NY Slip Op 04750

Decided on October 01, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 01, 2024

Before: Moulton, J.P., Mendez, Higgitt, O'Neill Levy, Michael, JJ. 

Index No. 805218/21 Appeal No. 2666 Case No. 2023-06366 

[*1]Laurens R. Schwartz, Plaintiff-Appellant,
v
Mount Sinai Hospital, et al, Defendants-Respondents, Dr. David L. Reich, Defendant.

Laurens R. Schwartz, New York appellant pro se.
Shaub Ahmuty Citrin & Spratt, LLP, Lake Success (Christopher Simone of counsel), for respondents.

Order, Supreme Court, New York County (Kathy J. King, J.), entered October 27, 2023, which, to the extent appealed from as limited by the briefs, granted defendants' motion to compel plaintiff to respond to outstanding discovery demands, to preclude plaintiff from deposing the defendants, and for issuance of a protective order for interrogatories served on nonparty physicians, unanimously affirmed, without costs.
The motion court providently exercised its discretion in ordering plaintiff to provide outstanding discovery — namely, a bill of particulars, authorizations, and medical records — as the physician-patient privilege does not shield plaintiff's records when he has affirmatively placed his physical or mental condition in issue (see Arons v Jutkowitz, 9 NY3d 393, 409 [2007]).
The motion court likewise providently exercised its discretion in precluding plaintiff from deposing defendants. Because plaintiff's action is premised on negligence in the form of medical malpractice, he is limited to either depositions or interrogatories absent leave of court (see CPLR 3130[1]). Plaintiff had previously served interrogatories on defendants, which the motion court directed defendants to answer in a preliminary conference order, noting that plaintiff had therefore waived depositions.
The motion court also providently exercised its discretion in granting defendants a protective order against the interrogatories plaintiff served on nonparty physicians, as CPLR 3130(1) limits the use of interrogatories to the parties to the action (see Strax v Granoff & Walker, 227 AD2d 252, 252 [1st Dept 1996]).
To the extent plaintiff seeks affirmative relief, such as sanctions and striking of defendants' answer, in his opposition to defendants' motion to compel, we decline to grant that relief, as he did not cross-move for it before the motion court (see Scott v Westmore Fuel Co., Inc., 96 AD3d 520, 521 [1st Dept 2012]). In any event, the record before us does not warrant such relief. Similarly, to the extent plaintiff requests that this Court vacate prior orders, those orders are not properly before this Court as plaintiff did not take appeal from them (see Matthew T. v Monika H., 222 AD3d 605, 605 [1st Dept 2023]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 1, 2024