Matter of I.E. v J.I. (2024 NY Slip Op 06653)

Matter of I.E. v J.I.

2024 NY Slip Op 06653

Decided on December 31, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 31, 2024

Before: Renwick, P.J., González, Rodriguez, Higgitt, Rosado, JJ. 

Docket No. O-8096/20 Appeal No. 3356 Case No. 2024-01386 

[*1]In the Matter of I.E., Respondent.
v
J.I., Appellant.

Geoffrey P. Berman, Larchmont, for appellant.
Carol Kahn, New York, for respondent.

Order, Family Court, New York County (Jacob K. Maeroff, Referee), entered on or about January 30, 2024, which, after a fact-finding determination that respondent committed the family offense of menacing in the third degree, directed respondent to stay away from petitioner and her daughter through March 2, 2024, unanimously modified, on the law, to the extent of including the additional finding that respondent committed harassment in the second degree, and otherwise affirmed, without costs.
Although the order of protection has expired, "given the enduring consequences which may potentially flow from an adjudication that respondent committed a family offense we address the merits of the appeal." (Matter of Charlene R. v Malachi R., 151 AD3d 482, 482 [1st Dept 2017]).
Petitioner proved by a fair preponderance of the evidence that respondent, her husband, committed the family offense of menacing in the third degree against her (Penal Law § 120.15). The Referee aptly credited petitioner's testimony that, on one occasion, respondent accosted her near where she had parked her car and demanded that she return certain belongings that he had left behind at her apartment. After she did so and sat in her car, he became enraged, screaming and shouting, and threatening to kill her and her daughter, while preventing them from leaving the car. Through his aggressive words and actions, respondent placed or attempted to place petitioner in fear of "death, imminent serious physical injury, or physical injury" (Matter of Melind M. v Joseph P., 95 AD3d 553, 555 [1st Dept 2012]; see Matter of Sonia S. v Pedro Antonio S., 139 AD3d 546, 547 [1st Dept 2016]). The Referee credited petitioner's testimony, and this determination is entitled to great deference (see id.). The petition sufficiently identified the date, time and place of this incident and that it involved harassment that led to police involvement. To the extent it is argued that the pleadings were insufficient, Family Court had authority to conform petitioner's pleadings to the proof, sua sponte, and there is no contention that he was unfairly surprised or prejudiced (see Oksoon K. v Young K., 115 AD3d 486, 487 [1st Dept 2014], lv denied, 24 NY3d 902 [2014]).
In any event, the credible evidence supports an additional finding that, as pleaded in the petition, respondent committed harassment in the second degree by engaging in a course of conduct including verbal abuse, threats, and violent outbursts, which alarmed or seriously annoyed petitioner and which served no legitimate purpose
(Penal Law § 240.26; see Matter of Alquidamia E.R. v Luis A., 159 AD3d 477 [1st Dept 2018]; Matter of Melinda B. v Jonathan L.P., 187 AD3d 631, 631-632 [1st Dept 2020]).
We have considered respondent's remaining arguments and finding them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 31, 2024