Matter of N.D. v M.L. (2025 NY Slip Op 05038)

Matter of N.D. v M.L.

2025 NY Slip Op 05038

Decided on September 23, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 23, 2025

Before: Moulton, J.P., Mendez, O'Neill Levy, Michael, Chan, JJ. 

Docket No. O-06313/22|Appeal No. 4711|Case No. 2024-06511|

[*1]In the Matter of N.D., Petitioner-Appellant,
v
M.L., Respondent-Respondent.

Andrew J. Baer, New York, attorney for appellant.
Steven P. Forbes, Huntington, attorney for respondent.

Order, Family Court, New York County (Gail A. Adams, Referee), entered on or about October 18, 2024, which denied petitioner's motion for counsel fees, unanimously affirmed, without costs.
Family Court providently exercised its discretion in denying petitioner's application pursuant to Family Court Act § 842(f) for an award of counsel fees. The court could reasonably credit petitioner's excuses for her failures to timely appear in court in this family offense proceeding. The record shows that respondent, who was then pro se, failed to appear for the January 25, 2023 proceeding because her son had just finished cancer treatment and was sick. The record additionally shows that respondent was 50 minutes late for the June 21, 2023 fact-finding hearing, and that respondent emailed petitioner's retained counsel earlier that morning telling counsel that she was stuck in traffic due to a traffic accident and was on her way. Family Court was entitled to credit these excuses and find that respondent's behavior was not dilatory. Petitioner's claim that respondent substantially delayed the proceeding by failing to provide her proposed evidence, witness list, and financial documents is unpersuasive. Respondent attempted, albeit unsuccessfully, to email Family Court and petitioner's retained counsel the documentation. The record also shows that respondent provided petitioner's retained counsel with her witness list before the commencement of the fact-finding hearing, and that respondent provided her financial disclosure and attachments, which included her 2021 tax returns, as directed by Family Court. Thus, there is no evidence that respondent was deliberately delaying the proceedings.
Respondent's argument that Family Court lacked subject matter jurisdiction is not waivable (see Matter of R.C., 240 AD3d 33, 37-38 [1st Dept 2025], citing Matter of Brian L. v Administration for Children's Servs., 51 AD3d 488, 500 n 6 [1st Dept 2008], lv denied 11 NY3d 703 [2008]). However, the argument is unavailing. The video footage viewed by Family Court, in addition to petitioner's and another witness's testimony that respondent and petitioner were close for several years and had sexual relations multiple times, supports Family Court's finding that the court had subject matter jurisdiction to decide the petition because the parties were in an "intimate relationship" within the meaning of Family Court Act § 812(1)(e) (see e.g. Matter of Matthew T. v Monika H., 222 AD3d 605, 605-606 [1st Dept 2023]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 23, 2025