Matter of C.G. (E.G.) (2025 NY Slip Op 06808)

Matter of C.G. (E.G.)

2025 NY Slip Op 06808

Decided on December 09, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 09, 2025

Before: Moulton, J.P., Kapnick, Mendez, Shulman, Hagler, JJ. 

Docket No. N37263/23|Appeal No. 5299|Case No. 2025-00120|

[*1]In the Matter of C.G., A Child Under Eighteen Years of Age, etc., E.G. Respondent-Appellant, Administration for Children's Services, Respondent-Respondent.

Kenneth M. Tuccillo, Hastings on Hudson, for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York (Jonathan A. Popolow of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Claire V. Merkine of counsel), attorney for the child.

Appeal from order of disposition, Family Court, Bronx County (Hari K. Singh, J.), entered on or about November 19, 2024, which, upon a fact-finding determination that respondent mother neglected the subject child, placed the child in the custody of the Commissioner of Social Services until the next permanency hearing and required the mother to engage in mental health services and supervised visitation, unanimously dismissed, without costs, as moot. Order of fact-finding, same court and Judge, entered on or about November 6, 2024, unanimously affirmed, without costs.
The court's finding that respondent neglected the child is supported by a preponderance of the evidence (see Family Court Act §§ 1012[f][i][B], 1046[b][i]). ACS established that, on two occasions, respondent engaged in violent and belligerent conduct, precipitating her arrest and detention, even though she knew no one else was available to care for the child, requiring social services to intervene to ensure the child's safety (see Matter of Imani W. [Hilrett S.], 117 AD3d 621 [1st Dept 2014]; Matter of Joyce A-M. [Yvette A.], 68 AD3d 417, 418 [1st Dept 2009]). During a verbal altercation with the director of her supportive housing facility, respondent attempted to stab him with a screwdriver. After her arrest, an ACS employee picked up the child from school at around 7:00 p.m. and observed the child "crying and screaming." After the child was released to respondent's care, respondent falsely told her case worker that she intended to visit family in Pennsylvania; instead, respondent took the child to Texas, where she did not have any support system. While in Texas, respondent could not provide identification to a police officer when questioned, so she argued with him and cursed at him, then attempted to leave. The officer tackled respondent and arrested her, frightening and injuring the child who was clinging to respondent. The child was taken by local social services and ultimately returned to ACS custody. Under these circumstances, the record shows that the child's emotional well-being was at imminent risk of impairment due to respondent's actions (see Nicholson v Scoppetta, 3 NY3d 357, 368-370 [2004]; Matter of Nia J. [Janet Jordan P.], 107 AD3d 566, 567 [1st Dept 2013]).
Respondent failed to preserve for appellate review her contention that the court improperly granted ACS's motion to conform the pleadings to the proof, and we decline to consider it in the interest of justice (see Matter of Ashley S. [Rebecca S.-C.], 157 AD3d 536, 536 [1st Dept 2018]). When counsel for ACS stated that adequate notice had been provided to respondent, her attorney did not object, dispute the statement, request an adjournment, or otherwise oppose the motion. In the alternative, we reject this claim on the merits, as the court properly granted the motion (see Family Court Act § 1051[b]). The record demonstrates that respondent had ample notice of the allegations, and she "was neither hindered in preparation of [her] case nor suffered any prejudice due to surprise" (Matter of Melinda B. v Jonathan L.P., 187 AD3d 631, 632 [1st Dept 2020]).
Respondent's arguments about the provisions of the dispositional order requiring her to engage in mental health services and agency-supervised parenting time, and her claim that the best interests of the child mandated her release to respondent's care have been rendered moot by the expiration of the terms of that order and the final discharge of the child to respondent (see Matter of Carl J. [Carl J., Sr.], 94 AD3d 473, 474 [1st Dept 2012]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 9, 2025