■ In the Matter of MIRIAM M., Appellant, v WARREN M., Respondent. [859 NYS2d 66]—

Order, Family Court, Bronx County (Myrna Martinez-Perez, J.), entered on or about June 25, 2007, which, upon granting petitioner a two-year order of protection against respondent, declined to include in the conditions of the order that respondent stay away from petitioner's domestic partner (Ms. Diaz) and declined to make a finding of aggravating circumstances, unanimously modified, on the law, to the extent of adding a condition to the order of protection directing respondent to stay away from Ms. Diaz and her place of employment, and otherwise affirmed, without costs.

Following a fact-finding hearing, respondent was found to have committed the family offenses of disorderly conduct and harassment in the second degree against petitioner, his sister. It was established that respondent screamed and threatened petitioner while making violent motions with his hands in close proximity to petitioner, and then twice struck Ms. Diaz in the face. In declining to include in the conditions of the order of protection that respondent stay away from Ms. Diaz, the court erred in concluding that it was constrained in its ability to issue

such relief. Indeed, the Family Court has the authority to impose reasonable conditions when they are "likely to be helpful in eradicating the root of family disturbance" (*Matter of Leffingwell v Leffingwell*, 86 AD2d 929, 930 [1982]), and Family Court Act § 842 (a) provides that the Family Court may order respondent to stay away from "any . . . specific location," which under the circumstances should include Ms. Diaz and her place of employment, as it would go toward achieving the purpose of fully protecting petitioner (*see* Family Ct Act § 842 [j]). However, contrary to petitioner's contention, respondent could not be directed to refrain from committing family offenses against Ms. Diaz since a family offense is defined as one between spouses or former spouses, between parent and child, or between members of the same family or household, which does not include domestic partners (*see* Family Ct Act § 812 [1]; § 842 [c]). Nor could the court have ordered respondent to refrain from communicating with Ms. Diaz (*see* 22 NYCRR 205.74 [c]).

There exists no basis upon which to disturb the court's refusal to make a finding of aggravating circumstances. As noted, Ms. Diaz does not fall within the statutory definition of "member[ ] of the same family or household" (*see* Family Ct Act § 812 [1]), and accordingly, respondent's conduct toward her cannot constitute an "exposure of any family or household member to physical injury by the respondent and like incidents, behaviors and occurrences which to the court constitute an immediate and ongoing danger to the petitioner, or any member of the petitioner's family or household" (Family Ct Act § 827 [a] [vii]). Concur—Lippman, P.J., Tom, Gonzalez, Buckley and Renwick, JJ.