Order, Family Court, New York County (Carol J. Goldstein, Ref.), entered on or about September 15, 2011, which, after a fact-finding hearing in a proceeding brought pursuant to article 8 of the Family Court Act, granted the petition for an order of protection for a period of two years, unanimously affirmed, without costs.
A fair preponderance of the evidence established that respondent committed the acts alleged in the petition which constituted two counts of harassment in the second degree and one count of disorderly conduct (see Family Ct Act § 832). The evidence showed that respondent committed harassment in the second degree when, with the “intent to harass, annoy or alarm” petitioner (his 85-year-old, disabled mother), he picked her up and threw her out of the kitchen and up against a sewing machine in the hallway, and later threw two pitchers of cold water on her (see Penal Law § 240.26 [1]). Moreover, petitioner’s testimony that respondent had been both physically and verbally abusive to her over the years, including threatening to kill her, established a course of conduct to sustain the additional count of harassment in the second degree (see Penal Law § 240.26 [3]). These actions also established the commission of disorderly conduct (see Penal Law § 240.20 [3]; Matter of Miriam M. v Warren M., 51 AD3d 581 [1st Dept 2008]).
Respondent’s claim that there was insufficient proof of his intent is unavailing, since his intent was fairly inferred from his actions (see People v Bueno, 18 NY3d 160, 169 [2011]). There exists no basis to disturb the Referee’s credibility determinations (see Matter of Everett C. v Oneida P., 61 AD3d 489 [1st Dept 2009]).
*464 We have considered respondent’s remaining arguments and find them unavailing. Concur — Tom, J.E, Andrias, Renwick, DeGrasse and Richter, JJ.