■ In the Matter of VICTOR S., Respondent, v KAREEM J.S., Appellant. [961 NYS2d 52]—

Appeal from order, Family Court, New York County (Carol J. Goldstein, Ref.), entered on or about January 23, 2012, which after a hearing, determined that appellant had committed acts that constituted aggravated harassment in the second degree (Penal Law § 240.30), and granted petitioner a one-year order of protection directing appellant to, inter alia, stay away from and cease communication with him and his daughter, unanimously dismissed, without costs, as moot.

Because the order of protection has expired, this appeal is moot (see Matter of Diallo v Diallo, 68 AD3d 411 [1st Dept 2009], lv dismissed 14 NY3d 854 [2010]).

Were we to reach the merits, we would find that a fair preponderance of the evidence (Family Ct Act § 832) supports the referee's finding that appellant committed acts constituting the family offense of aggravated harassment in the second degree (see Penal Law § 240.30), warranting the issuance of an order of protection (see Family Ct Act § 812 [1]). Indeed, "making a telephone call will constitute aggravated harassment in the second degree when it is made with intent to harass, annoy, threaten or alarm another person and is made either in a manner likely to cause annoyance or alarm or with no purpose of legitimate communication" (Matter of Wendy Q. v Jason Q., 94 AD3d 1371, 1373 [3d Dept 2012] [internal quotation marks omitted]). Contrary to appellant's contention, his intent to alarm or annoy petitioner was inferable from his statements about petitioner's daughter, because they constituted a threat that specifically referred to placing the safety of the child in jeopardy (see People v Wilson, 59 AD3d 153, 154 [1st Dept 2009], affd 14 NY3d 895 [2010]).

Appellant set forth no basis to disturb the court's credibility determinations (see Matter of F.B. v W.B., 248 AD2d 119 [1st Dept 1998]). Concur—Gonzalez, P.J., Mazzarelli, Renwick, Richter and Gische, JJ.