Order of protection, Family Court, Bronx County (Monica Drinane, J.), entered on or about October 18, 2012, and in force until October 12, 2014, after a hearing, ordering respondent, inter alia, to stay away from petitioner and the subject child, unanimously affirmed, without costs.
A fair preponderance of the evidence supports the court’s finding that respondent committed acts that would constitute harassment in the second degree and disorderly conduct (see Family Ct Act §§ 812 [1]; 821 [1]; 832). A person is guilty of harassment in the second degree when, “with intent to harass, annoy or alarm another person . . . [h]e . . . subjects such other person to physical contact, or attempts or threatens to do the same” (Penal Law § 240.26 [1]; see e.g. McGuffog v Ginsberg, 266 AD2d 136 [1st Dept 1999]). A person is guilty of disorderly conduct when, “with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof,” he engages in “violent, tumultuous or threatening” behavior (Penal Law § 240.20 [1]; see e.g. Matter of Clark v Ormiston, 101 AD3d 870, 870-871 [2d Dept 2012]). Petitioner testified that while she and respondent were sitting in the Family Court waiting room, respondent stood up, faced her, and said, “[S]omeone is going to *561 get a bullet in their head.” Petitioner, the child’s maternal grandmother, testified that she believed respondent was talking about her, because she was preparing to adopt the child. She testified that she was afraid of respondent because they never got along, he had treated her with disrespect, and he had assaulted her daughter. Petitioner also testified that immediately after respondent made the statement, agency caseworkers who were in the waiting room entered the courtroom and informed the court. Petitioner’s testimony was undisputed. Although the court adjourned the hearing to allow respondent to testify, he later declined to do so.
Contrary to respondent’s contention, a single incident is legally sufficient to support a finding of harassment in the second degree (see Matter of Victor S. v Kareem J.S., 104 AD3d 405 [1st Dept 2013]). The court properly drew a negative inference from respondent’s failure to testify (see Matter of Alford Isaiah B. [Alford B.], 107 AD3d 562 [1st Dept 2013]). The court properly questioned petitioner, who at the time was proceeding pro se (see Matter of Krista I. v Gregory I., 8 AD3d 696, 699 [3d Dept 2004]). Upon review of the available transcript of the July 23, 2012 hearing, we find that the court harbored no bias against respondent. Concur — Andrias, J.P., Friedman, Acosta, DeGrasse and Freedman, JJ.