Order of protection, Family Court, Bronx County (David B. Cohen, J.), entered on or about September 6, 2012, and in force until September 8, 2014, which, upon a fact-finding determination that respondent committed the family offenses of ag *487 gravated harassment in the second degree and stalking, directed him to stay away from petitioner and not communicate with her, unanimously modified, on the law, to vacate the finding of aggravated harassment in the second degree, and otherwise affirmed, without costs.
A fair preponderance of the evidence does not support the Family Court’s determination that respondent’s actions on October 28, 2011 constituted the family offense of aggravated harassment in the second degree (see Family Ct Act §§ 812 [1]; 832; Penal Law § 240.30).
We agree, however, with the Family Court that the hearing testimony proved by a fair preponderance of the credible evidence that on the day of the incident, respondent’s actions constituted the family offense of stalking in the fourth degree (Penal Law § 120.45) because his behavior was designed to hound, frighten, intimidate and threaten petitioner (see People v Stuart, 100 NY2d 412, 428 [2003]). We also agree that the issuance of a two-year order of protection in petitioner’s favor with the reasonable condition that he “stay away” from her home and employment was proper because it will likely be helpful in eradicating the root of the family disturbance (see Matter of Miriam M. v Warren M., 51 AD3d 581, 582 [1st Dept 2008]; and see Matter of F.B. v W.B., 248 AD2d 119 [1st Dept 1998]).
Respondent’s assertion that Family Court Act § 1051 (b) is applicable here is misplaced, because that statute only applies to petitions filed pursuant to article 10 of the Family Court Act, whereas the instant petition was filed pursuant to article 8. The Family Court providently exercised its discretion in granting petitioner’s oral application made at the close of her case to conform the pleadings to the proof pursuant to CPLR 3025 because respondent had a full and fair opportunity to contest her testimony at the fact-finding hearing (see Troiano v Troiano, 87 AD2d 588, 589 [2d Dept 1982]). Moreover, there is no indication in the record that respondent was hindered in the preparation of his case or was prevented from taking any measure in support of his position (see Loomis v Civetta Corinno Constr. Corp., 54 NY2d 18, 23 [1981]).
Contrary to respondent’s contention, the Family Court did not violate his due process right to a fair trial by suggesting to petitioner’s counsel that she should make the motion to conform the pleadings to the proof, because it had the authority to deem the petition amended to conform to the evidence presented at the fact-finding hearing sua sponte (see O’Neill v New York Univ., 97 AD3d 199, 209 [1st Dept 2012]). Finally, review of the transcripts of the fact-finding hearing demonstrate that the *488 court did not harbor a bias against respondent (see Matter of Kelvin D., 40 NY2d 895, 897 [1976]).
We have considered the other claims and find them to be without merit.
Concur — Mazzarelli, J.E, Sweeny, DeGrasse, Manzanet-Daniels and Gische, JJ.