Order, Family Court, Bronx County (David Gilman, J.H.O.), entered on or about July 11, 2013, which, upon a fact-finding determination that respondent-appellant committed acts constituting menacing in the third degree, disorderly conduct, harassment in the second degree, aggravated harassment in the second degree and stalking in the fourth degree, and entered a two-year order of protection against him in favor of petitioner and her children, unanimously affirmed, without costs.
The finding that respondent-appellant (respondent) committed the family offenses at issue is supported by a fair preponderance of the evidence (see Family Ct Act § 832), and there is no basis to disturb the court’s credibility determinations (see Matter of Melind M. v Joseph P., 95 AD3d 553, 555 [1st Dept 2012]). Respondent failed to preserve his contention that the court should not have admitted petitioner’s eldest son’s testimony that he listened in on telephone conversations between respondent and petitioner (see Matter of F.B. v W.B., 248 AD2d 119 [1st Dept 1998]), and we decline to review it in the interest of justice. In any event, any error was harmless in view of the overwhelming additional evidence supporting the court’s determination (see Matter of Perry v Surplus, 112 AD3d 1077, 1080-1081 [3d Dept 2013]).
Respondent also failed to preserve his argument that the harassment charges as applied to him violated his constitutional right to freedom of speech, and we decline to review it in the interest of justice. As an alternative holding, we find the argument unavailing given that the applicable statutes do not “prohibit speech or expression” (People v Shack, 86 NY2d 529, 535 [1995]). Rather, they prohibit only illegitimate communication (id.), and respondent’s repeated and unwanted communications to petitioner were not for legitimate purposes.
Respondent failed to preserve his argument that the harassment statutes at issue are unconstitutionally vague or over-broad, and we decline to review it in the interest of justice.
The court properly exercised its discretion in issuing a two-year, rather than a one-year, order of protection {see Family Ct Act § 842).
Concur—Tom, J.E, Renwick, Andrias, Freedman and Clark, JJ.