■ In the Matter of WILLIAM M., Respondent, v ELBA Q., Appellant. [994 NYS2d 110]—

Order of protection, Family Court, New York County (Susan R. Larabee, J.), entered on or about May 2, 2012, against respondent, after a fact-finding determination that respondent committed the family offenses of harassment in the second degree, menacing in the third degree, and disorderly conduct, unanimously affirmed, without costs.

A fair preponderance of the evidence supports Family Court's finding that respondent committed the offenses of harassment in the second degree, menacing in the third degree, and disorderly conduct (*see* Family Ct Act § 832). Petitioner's testimony that respondent attempted to stab him with a knife pulled from her coat pocket, causing him to become afraid and run away, supports the court's determination that respondent committed harassment in the second degree and menacing in the third degree (Family Ct Act § 821 [1]; Penal Law §§ 120.15, 240.26 [1]; *Matter of Tamara A. v Anthony Wayne S.*, 110 AD3d 560 [1st Dept 2013]; *Matter of Denzel F.*, 44 AD3d 389, 390 [1st Dept 2007]). Moreover, petitioner testified that respondent wielded the knife in the stairwell of an apartment building and that on another occasion, while petitioner and his son were standing outside their apartment building, respondent shouted obscenities at the son from a sixth-floor window, which supports the court's determination that respondent committed the family offense of disorderly conduct (Penal Law § 240.20 [1], [3]; *see e.g. Matter of Miriam M. v Warren M.*, 51 AD3d 581 [1st Dept 2008]; *see also Tamara A. v Anthony Wayne S.*, 110 AD3d at 560).

We find no basis for disturbing the court's determination crediting petitioner's version of events over respondent's version (*see Matter of Peter G. v Karleen K.*, 51 AD3d 541 [1st Dept 2008]). Concur—Friedman, J.P., Moskowitz, Feinman, Gische and Kapnick, JJ.