■ In the Matter of REBECCA M.T., Respondent, v TRINA J.M. et al., Appellants. [23 NYS3d 15]—

Orders, Family Court, New York County (Fiordaliza A. Rodriguez, Ref.), entered on or about September 3, 2014, which, upon a fact-finding determination that respondent Byron Luis M. had committed the family offenses of reckless endangerment, menacing in the second degree, criminal mischief, and disorderly conduct, and that respondent Trina J.M. had committed the family offense of disorderly conduct, granted a two-

year order of protection against respondents, unanimously modified, on the law, to vacate the finding of criminal mischief, and otherwise affirmed, without costs.

A fair preponderance of the evidence in the record supports the Referee's findings, except to the extent the Referee found that Byron had committed the family offense of criminal mischief (*see* Family Ct Act §§ 812 [1]; 832). The evidence fails to support the finding of criminal mischief, because nothing in the record establishes that Byron intentionally broke any property, nor does it establish the value of any broken property (*see* Penal Law §§ 145.00, 145.05, 145.10, 145.12; *see also Matter of Joshua VV.*, 68 AD3d 1172, 1173 [3d Dept 2009]).

Although the Referee failed to state whether Byron's actions constituted first or second degree reckless endangerment, we find that a fair preponderance of the evidence supports a finding that he committed conduct constituting reckless endangerment in the second degree. The Referee credited petitioner's testimony that, during a July 2013 incident involving an altercation between Byron and petitioner's husband, Byron repeatedly swung a butcher knife while standing less than three feet away from petitioner, disregarding the substantial risk that petitioner could be seriously injured (*see* Penal Law § 120.20; *Matter of Tatiana N.*, 73 AD3d 186, 191-192 [1st Dept 2010]).

The evidence supports the finding that Byron and Trina, his girlfriend, each committed the family offense of disorderly conduct during the July 2013 altercation. The record shows that respondents were screaming and/or cursing during the altercation, and that the incident ended with the apartment in disarray and petitioner running from the apartment partially naked. Further, the Referee credited petitioner's testimony that after Byron dropped the knife, Trina passed a frying pan to him, thereby enabling Byron to hit petitioner's husband in the head with it. This evidence supports a finding that respondents acted with reckless disregard of causing public inconvenience, annoyance or alarm (*see* Penal Law § 240.20; *see also Matter of Sarah W. v David W.*, 100 AD3d 463, 463 [1st Dept 2012]; *Matter of Cassie v Cassie*, 109 AD3d 337, 342-343 [2d Dept 2013]). There is no basis to disturb the Referee's credibility determinations (*Matter of Everett C. v Oneida P.*, 61 AD3d 489, 489 [1st Dept 2009]). Concur—Mazzarelli, J.P., Acosta, Moskowitz and Richter, JJ.