■ In the Matter of Chigusa Hosono D., Respondent, v Jason George D., Appellant. [28 NYS3d 49]—

Order of protection, Family Court, New York County (Marva A. Burnett, Ref.), entered on or about November 21, 2014, which, upon a fact-finding determination that respondent committed the family offenses of assault in the second degree, harassment in the second degree and disorderly conduct in the second degree, directed respondent to stay away from petitioner for a period of two years, unanimously modified, on the law and the facts, to vacate the findings of assault in the second

degree and disorderly conduct in the second degree, and otherwise affirmed, without costs.

The Referee erred in determining that respondent's actions constituted the family offense of assault in the second degree, because there is no evidence in the record that he caused petitioner to suffer a serious physical injury (see Penal Law §§ 120.05 [1]; 10.00 [10]; and see People v Snipes, 112 AD2d 810, 811 [1st Dept 1985]). Nor does the record establish that respondent caused petitioner to suffer physical injury which would support a finding of assault in the third degree (see Penal Law §§ 120.00 [1]; 10.00 [9]).

The Referee also erred in determining that respondent's actions constituted the family offense of disorderly conduct in the second degree, since such an offense is not enumerated as a family offense as defined by Family Court Act § 812 (1). Nor did respondent's actions constitute the enumerated family offense of disorderly conduct, inasmuch as a preponderance of the record evidence does not support an inference that, during either of the incidents described by petitioner in her testimony, respondent intended to cause a public inconvenience, annoyance or alarm, or that his conduct in the private residence recklessly created such a risk (see Matter of Cassie v Cassie, 109 AD3d 337, 340-344 [2d Dept 2013]; Matter of Janice M. v Terrance J., 96 AD3d 482 [1st Dept 2012]).

However, a preponderance of the evidence supports the finding that respondent's actions during both incidents constituted the family offense of harassment in the second degree, since his conduct evinced an intent to harass, annoy or alarm petitioner (see Family Ct Act § 832). Petitioner testified that during one incident, respondent grabbed her by the neck, dragged her into the kitchen, pushed her to the wall, called her an obscene name, and threatened to punch her in the face (see McGuffog v Ginsberg, 266 AD2d 136 [1st Dept 1999]). She testified that during the second incident, respondent hit her on the top of her head with his fist (see Matter of Sheureka L. v Sidney S., 100 AD3d 547 [1st Dept 2012], lv denied 20 NY3d 858 [2013]). The Referee's credibility determinations are supported by the record, and there is no basis to disturb them (see Matter of Lisa S. v William V., 95 AD3d 666 [1st Dept 2012]). The issuance of a two-year order of protection was appropriate "because it will likely be helpful in eradicating the root of the family disturbance" (Matter of Oksoon K. v Young K., 115 AD3d 486, 487 [1st Dept 2014], lv denied 24 NY3d 902 [2014]).

Respondent has not preserved his contention that the Referee should have dismissed the petition because it violated his right

to due process by failing to delineate a sufficiently narrow time frame for the alleged offenses (*see Matter of Erica D. [Maria D.]*, 80 AD3d 423, 424 [1st Dept 2011], *lv denied* 16 NY3d 708 [2011]; *Matter of Tiffany A.*, 295 AD2d 288, 289 [1st Dept 2002]). If this Court were to review the issue in the interest of justice, we would find that the petition sufficiently identified places and times when the alleged family offenses were committed (*see Matter of Little v Renz*, 90 AD3d 757, 757-758 [2d Dept 2011]). Concur—Tom, J.P., Friedman, Saxe and Richter, JJ.