■ In the Matter of NAFISSATOU D., Respondent, v IBRAHIMA B., Appellant. [52 NYS3d 54]—

Order, Family Court, Bronx County (Llinet Rosado, J.), entered on or about July 29, 2015, which, upon a fact-finding determination that respondent had committed the family offenses of menacing in the second degree, disorderly conduct, and harassment in the second degree, granted the petition for a two-year order of protection against respondent, unanimously modified, on the law, to vacate the finding of menacing in the second degree, and otherwise affirmed, without costs.

Family Court properly granted the petition for an order of protection against respondent, petitioner's former husband, because petitioner established the family offense of harassment in the second degree "by a fair preponderance of the evidence" (Family Ct Act §§ 832, 812 [1]). Petitioner's testimony that respondent threatened to kill her and followed her to try to discover where she lived, which was confidential, was sufficient to support findings that respondent, "with intent to harass, annoy or alarm" petitioner, attempted or threatened to subject her to physical contact, or followed her "in or about a public place" (Penal Law § 240.26 [1], [2]). Petitioner's testimony was consistent and Family Court providently exercised its discretion in crediting it (*see Matter of Everett C. v Oneida P.*, 61 AD3d 489, 489 [1st Dept 2009]).

Disorderly conduct was established, because there was evidence that respondent intended to cause, or recklessly created a risk of causing, "public inconvenience, annoyance or alarm" (Penal Law § 240.20; *Matter of Cassie v Cassie*, 109 AD3d 337, 344 [2d Dept 2013]; *Matter of Rebecca M.T. v Trina J.M.*, 134 AD3d 551, 552 [1st Dept 2015]). Petitioner did not, however, meet her burden of establishing, by a fair preponderance of the evidence, the family offenses of menacing in the second degree. Menacing in the second degree was not established, because, in pertinent part, petitioner did not allege that respondent displayed a weapon or what appeared to be a weapon (*see* Penal

Law § 120.14 [1]), and petitioner did not demonstrate a "course of conduct" to place her in reasonable fear of physical injury (*id.* § 120.14 [2]). Concur—Acosta, J.P., Renwick, Manzanet-Daniels, Kapnick and Webber, JJ.