■ In the Matter of JOLANDA K., Respondent, v DAMIAN B., Appellant. [56 NYS3d 41]—

Order, Family Court, Bronx County (Tracey A. Bing, J.), entered on or about November 5, 2015, which, after a fact-finding determination that respondent committed the family offenses of disorderly conduct, harassment in the second degree, and assault in the third degree, granted petitioner an order of protection, unanimously affirmed, without costs.

The finding that respondent committed the offenses of disorderly conduct, harassment in the second degree, and assault in the third degree is supported by a fair preponderance of the evidence (*see* Family Ct Act § 832). Petitioner testified that, while she was nine months pregnant, respondent grabbed her forcefully by the wrist, then grabbed her by the shoulders and shook her, causing her substantial pain, and refused to allow her to use the bathroom. These acts constitute harassment in the second degree (Penal Law § 240.26 [1]; *see Matter of Chigusa Hosono D. v Jason George D.*, 137 AD3d 631 [1st Dept 2016]; *Matter of Tamara A. v Anthony Wayne S.*, 110 AD3d 560, 561 [1st Dept 2013]). These acts also constitute assault in the third degree (Penal Law § 120.00 [1]; *see Matter of Martha B. v Julian P.*, 133 AD3d 418 [1st Dept 2015]). Petitioner was concerned for the safety of her unborn child, who was kicking in a way that petitioner had not previously experienced, and she was in so much pain that she went to the emergency room for medical treatment.

Petitioner's testimony as to respondent's behavior at the

property managers's office as well as on the street outside the office establishes disorderly conduct (Penal Law § 240.20 [1], [3]; *see Matter of William M. v Elba Q.*, 121 AD3d 489 [1st Dept 2014]; *Matter of Rebecca M.T. v Trina J.M.*, 134 AD3d 551 [1st Dept 2015]).

We perceive no basis for disturbing the court's credibility determinations (*see Matter of Melind M. v Joseph P.*, 95 AD3d 553, 555 [1st Dept 2012]). Concur—Tom, J.P., Mazzarelli, Manzanet-Daniels and Webber, JJ.