■ In the Matter of Leonardo Thomas B., Respondent, v Katherine F., Appellant. [54 NYS3d 293]—

Order, Family Court, Bronx County (Lauren Norton Lerner, Ref.), entered on or about May 21, 2015, which, upon a fact-finding determination that respondent committed assault in the second degree and aggravated harassment in the first degree, granted the petition and issued a two-year order of protection in favor of petitioner, unanimously reversed, on the law and the facts, without costs, the order of protection vacated, and the petition dismissed.

A fair preponderance of the evidence at the fact-finding hearing does not support the finding that respondent committed assault in the second degree. There is simply no evidence that petitioner sustained serious physical injury (*see* Penal Law §§ 120.05; 10.00 [10]; *Matter of Chigusa Hosono D. v Jason George D.*, 137 AD3d 631, 632 [1st Dept 2016]).

The Referee also erred in determining that respondent's actions constituted aggravated harassment in the first degree, since aggravated harassment in the first degree is not a designated family offense (*see* Family Ct Act § 812 [1]). To the extent the Referee meant to find that respondent committed acts constituting harassment in the first degree (Penal Law § 240.25), which is a designated family offense (*see* Family Ct Act § 812 [1]), a preponderance of the record evidence does not support a finding that respondent engaged in a course of conduct or repeatedly committed acts that placed petitioner in reasonable fear of physical injury (Penal Law § 240.25). Petitioner testified concerning only a single altercation, and an isolated incident is insufficient to support a finding of harassment in the first degree (*see Matter of Ebony J. v Clarence D.*, 46 AD3d 309 [1st Dept 2007]). Concur—Sweeny, J.P., Mazzarelli, Andrias, Moskowitz and Gische, JJ.