Matter of Doris M. v Yarenis P. (2018 NY Slip Op 03449)





Matter of Doris M. v Yarenis P.


2018 NY Slip Op 03449


Decided on May 10, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 10, 2018

Friedman, J.P., Tom, Kapnick, Kahn, Kern, JJ.


6526

[*1]In re Doris M., Petitioner-Respondent,
v
Yarenis P., Respondent-Appellant.


Bruce A. Young, New York, for appellant.
Andrew J. Baer, New York, for respondent.



Order of protection, Family Court, New York County (Gail A. Adams, Referee), entered on or about June 30, 2017, which, upon a fact-finding determination that respondent committed the family offenses of harassment in the first and second degree, directed, among other things, that respondent stay away from the apartment the parties shared until June 30, 2018, unanimously modified, on the law, to vacate the finding of harassment in the first degree, and otherwise affirmed, without costs.
The Referee erred in determining that respondent's actions of leaving water to boil over on the stove, burning the pots, allowing the bathtub to overflow on several occasions and screaming in the middle of the night while playing her music in a loud manner, constituted the family offense of harassment in the first degree, because there were no facts alleged in the family offense petition supporting such a finding (see Matter of Sasha R. v Alberto A., 127 AD3d 567, 567 [1st Dept 2015]; Matter of Salazar v Melendez, 97 AD3d 754, 755 [2d Dept 2012], lv denied 20 NY3d 852 [2012]).
Although the Referee did not set forth the basis for finding that respondent committed the family offense of harassment in the second degree, remand is not required because the record is sufficiently complete to allow this Court to make an independent factual review and draw its own conclusions (see Matter of Keith H. [Logann M.K.], 113 AD3d 555, 555 [1st Dept 2014], lv denied 23 NY3d 902 [2014]). Based on that independent review, we find that petitioner demonstrated by a fair preponderance of the evidence that respondent's actions on January 30, 2017 constituted the family offense of second degree harassment as alleged in the petition (Penal Law § 240.26[3]; Family Ct Act §§ 812[1]; 832). Petitioner's testimony that on January 30, 2017, respondent summoned the police to the apartment and attempted to have her arrested about three times that day was sufficient to support a finding that respondent's actions constituted the family offense of harassment in the second degree because they served no legitimate purpose and only alarmed or seriously annoyed petitioner (see Penal Law § 240.26[3]).
The issuance of the one-year order of protection in petitioner's favor directing respondent to stay away from petitioner, her home and employment was appropriate, because it will likely be helpful in eradicating the root of the family disturbance and fully protect petitioner (see Matter of Oksoon K. v Young K., 115 AD3d 486, 487 [1st Dept 2014], lv denied 24 NY3d 902 [2014]). Respondent's contention that the Referee should have imposed less drastic remedies at disposition ignores petitioner's dispositional testimony that she was afraid in her own home, because respondent continued leaving the stove on unattended in violation of the May 8, 2017 and June 1, 2017 temporary orders of protection.
Respondent's allegation that the Referee failed to maintain the decorum of the courtroom and was prejudiced against her is unsupported by the record.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 10, 2018
CLERK