Matter of Diana A. v Kareem E. (2019 NY Slip Op 08483)





Matter of Diana A. v Kareem E.


2019 NY Slip Op 08483


Decided on November 21, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 21, 2019

Manzanet-Daniels, J.P., Gische, Webber, Kern, JJ.


10396

[*1] In re Diana A., Petitioner-Respondent,
v
Kareem E., Respondent-Appellant.


Larry S. Bachner, New York, for appellant.
Curtis, Mallet-Prevost, Colt & Mosle LLP, New York (Hyuna Yong of counsel), for respondent.



Order, Family Court, New York County (Marva A. Burnett, Referee), entered on or about March 27, 2019, which, after a fact-finding hearing, upon a finding of menacing in the second degree and harassment in the second degree, granted petitioner, Diana A., a final order of protection for a term of three years, unanimously modified, on the law, to vacate the finding of menacing in the second degree and to reduce the order of protection to two years, and otherwise affirmed, without costs.
A fair preponderance of the evidence established that respondent committed the family offense of harassment in the second degree (see Family Ct Act § 832; Penal Law § 240.26). Petitioner established that after she terminated the parties' relationship, respondent continued to repeatedly and obsessively call, text and email her, over an extended period of time, despite being told that she no longer wished to have contact with him and her failing to respond (see Matter of Tamara A. v Anthony Wayne S., 110 AD3d 560, 561 [1st Dept 2013]; Matter of Victor S. v Kareem J.S., 104 AD3d 405 [1st Dept 2013]; Matter of Kritzia B. v Onasis P., 113 AD3d 529 [1st Dept 2014]).
However, the record does not support the finding of menacing in the second degree (Penal Law § 120.14[1]). In addition, the order of protection is modified to expire after a term of two years, as there was no finding on the record that aggravating circumstances exist which would warrant an order of protection in excess of two years (see Matter of Jodi S. v Jason T., 85 AD3d 1239 [3d Dept 2011]).
We have considered respondent's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 21, 2019
DEPUTY CLERK