Matter of Sheila N. v Rudy N. (2020 NY Slip Op 03593)





Matter of Sheila N. v Rudy N.


2020 NY Slip Op 03593


Decided on June 25, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 25, 2020

Friedman, J.P., Richter, Gesmer, Oing, Singh, JJ.


11689 -12530/17

[*1] In re Sheila N., Petitioner-Respondent,
v
Rudy N., Respondent-Appellant.


The Law Office of Steven P. Forbes, Jamaica (Garth Molander of counsel), for appellant.
John R. Eyerman, New York, for respondent.



Order, Family Court, New York County (Carol Goldstein, J.), entered on or about April 15, 2019, which, upon a factual finding that respondent committed the family offenses of menacing in the second degree and harassment in the second degree, granted a two-year order of protection in petitioner's favor, unanimously affirmed, without costs.
A fair preponderance of the evidence supports the court's determination that respondent committed the family offense of menacing in the second degree on May 23, 2017 (see Family Court Act § 832; Penal Law § 120.14; Matter of Putnam v Jenney, 168 AD3d 1155, 1157 [3d Dept 2019]). Petitioner testified that on that date, when she and another family member asked respondent about the fact that he had not deposited their rent checks, he went to the kitchen, grabbed a nine-inch meat knife, gestured with it aggressively, and told them that they were going to vacate the apartment where all three resided; petitioner testified further that respondent's actions made her very nervous.
A fair preponderance of the evidence also supports the court's determination that respondent committed the family offense of harassment in the second degree on May 27, 2017 (see Penal Law § 240.26[1]; Matter of Sheureka L. v Sidney S., 100 AD3d 547 [1st Dept 2012], lv denied 20 NY3d 858 [2013]). Petitioner testified that respondent punched her in the chest, causing her to fall to the ground.
Petitioner's testimony demonstrates that the two-year order of protection directing respondent to refrain from committing family offenses against her was warranted and reasonable, because it will likely "end the family disruption," and also considered that respondent had already been excluded from the home while the petition was pending (see Family Court Act § 812[2][b]; § 842[a]; Matter of Miriam M. v Warren M., 51 AD3d 581, 582 [1st Dept 2008]). Moreover, "the duration of any temporary order shall not by itself be a factor in determining the length or issuance of
any final order" (Family Court Act § 842). The court found petitioner credible and respondent not credible, and there exists
no basis for disturbing these findings.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 25, 2020
CLERK