Matter of Sophia M. v James M. (2021 NY Slip Op 03992)





Matter of Sophia M. v James M.


2021 NY Slip Op 03992


Decided on June 22, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 22, 2021

Before: Renwick, J.P., Kennedy, Scarpulla, Mendez, JJ. 


Docket No. O14503/17 Appeal No. 14101 Case No. 2020-03046 

[*1]In the Matter of Sophia M., Petitioner-Respondent,
v
James M. Respondent-Appellant.


Philip A. Greenberg, P.C., New York (Philip A. Greenberg of counsel), for appellant.
Ross Law PLLC, New York (Leah E. Ross of counsel), for respondent.



Order, Family Court, New York County (Gail A. Adams, Referee), entered on or about February 27, 2020, which, upon a fact-finding determination that respondent committed the family offense of harassment in the second degree, granted the petition for an order of protection, to remain in effect for two years, unanimously modified, on the law and the facts, to delete the provision ordering respondent "not to discuss Petitioner or this case with anyone familiar with Petitioner," and otherwise affirmed, without costs.
A fair preponderance of the evidence supports the allegations of the petition, establishing that respondent committed the family offense of harassment in the second degree, i.e., that he engaged in a course of conduct or repeatedly committed acts that, as he intended, alarmed or seriously annoyed petitioner and that served no legitimate purpose (see Family Court Act § 832; Penal Law §240.26[3]; Matter of Edward B. v Elizabeth T., 156 AD3d 423 [1st Dept 2017]). Respondent's testimony showed that he was aware that petitioner would be upset to learn of his discussing her personal affairs with people she knew and that she did not welcome his opinions about her ADHD diagnosis and treatment. Nevertheless, he blind-copied petitioner on three messages that he emailed to at least 53 people complaining that her mother was manipulating her into alienating him, and he sent at least two more emails directly to petitioner chastising her for taking medication to treat her learning disability. Petitioner testified that she suffered panic attacks when she saw that she and her relationship with her parents were the subject of three emails sent by respondent to an unknown number of people.
Respondent admitted that he wanted petitioner to read the messages despite knowing that she would not welcome them; on previous occasions, she had stopped talking to him when he discussed his opinions about her or disclosed her personal contact information and photographs to third parties without her permission (see e.g. Matter of Christina LL., 233 AD2d 705, 708-709 [3d Dept 1996], lv denied 89 NY2d 812 [1997]). Respondent denied that he sent the messages and photographs in the record to petitioner to annoy, harass or alarm her. However, the record supports the court's credibility determinations.
Contrary to respondent's contention, in determining the length of the order of protection to impose, the court was not required to consider the fact that a temporary order of protection had been in effect for about two years (see Family Court Act § 842; Matter of Sheila N. v Rudy N., 184 AD3d 514, 514-515 [1st Dept 2020]). Since petitioner met her burden on the petition, there is no basis for awarding respondent costs or legal fees.
Respondent contends that the provision of the order prohibiting him from discussing petitioner or the case with anyone familiar with petitioner violated his First Amendment right to freedom of speech. To be sure, respondent's repeatedly sending [*2]petitioner emails articulating his unwanted opinions about her, her mother and their family dynamic or making petitioner aware of the emails he sent to several third parties broadcasting those opinions by blind-copying her on those messages is not protected by the First Amendment, because those repeated and unwanted communications serve no legitimate purpose (see Matter of Gracie C. v Nelson C., 118 AD3d 417 [1st Dept 2014]). However, because the harassment is adequately addressed by the provision that respondent stay away from petitioner and not contact her, we delete the prohibition against his discussing petitioner or the proceeding (compare Matter of Margary v Martinez, 118 AD3d 1004, 1006 [2d Dept 2014] [order included provisions reasonably necessary "to eradicate the root of the family disturbance"], appeal dismissed 24 NY3d 930 [2014]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 22, 2021