Matter of Brooke A.D. v Rajiv D. (2021 NY Slip Op 06034)





Matter of Brooke A.D. v Rajiv D.


2021 NY Slip Op 06034


Decided on November 04, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 04, 2021

Before: Gische, J.P., Mazzarelli, Shulman, Pitt, Higgitt, JJ. 


Docket No. O-14661/19 Appeal No. 14528-14528A Case No. 2020-03948 

[*1]In the Matter of Brooke A.D., Petitioner-Respondent,
v
Rajiv D., Respondent-Appellant.


Rajiv D., appellant pro se.
Mueller Law Firm, P.C., New York (Michael Todd Mueller of counsel), for respondent.



Order of protection, Family Court, New York County (Karen I. Lupuloff, J.), entered on or about March 12, 2020, which, upon a fact-finding determination that respondent committed the family offenses of harassment in the second degree, attempted assault in the third degree, and menacing in the third degree, and directed him, inter alia, to stay away from petitioner until March 11, 2022, unanimously affirmed, without costs. Appeal from that part of the order finding aggravated harassment, unanimously dismissed, without costs, as the appendix is insufficient to permit review.
A fair preponderance of the evidence supports Family Court's finding that respondent committed the offenses of harassment in the second degree, attempted assault in the third degree, and menacing in the third degree (see Family Ct Act § 832). Family Court properly inferred intent from respondent's actions and the surrounding circumstances (see Matter of Ramona A.A. v Juan M.N., 126 AD3d 611 [1st Dept 2015]).
Petitioner's testimony that she recorded an argument she had with the husband on her cellphone, until he lunged at her, and that she stopped recording because she was scared and thought that he was going to hit her, is supported by the cellphone footage. Moreover, petitioner's testimony supports the inference that respondent swung his fist at her with, at least, the intent required for second-degree harassment under Penal Law § 240.26(1) (see People v Hernandez, 123 AD3d 615, 616 [1st Dept 2014], lv denied 25 NY3d 1165 [2015]).
The testimony also supports the finding that respondent committed the family offense of harassment in the second degree under Penal Law § 240.26(3), i.e., that he intentionally engaged in a course of conduct or repeatedly committed acts that alarmed or seriously annoyed petitioner, and that served no legitimate purpose (see Family Ct Act § 832). Petitioner's testimony that respondent smashed a hard plastic pitcher on the counter during an argument while she was standing about an arm's length away from him, that he screamed and lunged at her on two occasions causing her to become scared that he was going to hit her, as well as numerous text messages, establish that respondent engaged in a course of conduct that was taken with the intent of seriously annoying or alarming petitioner, and that served no legitimate purpose (see Matter of Anthony B. v Judy M., 167 AD3d 476 [1st Dept 2018]). Furthermore, respondent sent petitioner multiple text messages, which were combative and insulting, for no legitimate purpose, while the parties' marriage was disintegrating (see Matter of Erin C. v Walid M., 165 AD3d 547, 548 [1st Dept 2018]).
A fair preponderance of the evidence supports the allegations of the petition establishing that respondent committed the family offense of menacing in the third degree, because petitioner testified that she was scared and believed that he was going to hit her, and the cellphone footage, which was properly entered in evidence [*2]upon her testimony that it fairly and accurately depicted the incident, shows that he almost hit her with his fist (see Matter of William M. v Elba Q., 121 AD3d 489 [1st Dept 2014]; and see People v Patterson, 93 NY2d 80, 84 [1999]). The footage also established by a preponderance of the evidence that respondent had engaged in acts that would constitute the offense of attempted assault in the third degree (Penal Law §§ 110.00/120.00[1]), because it shows that he swung his fist in petitioner's direction with great force, which establishes that he acted with the intent to cause her physical injury. Family Court credited petitioner's testimony and found respondent's testimony was not credible, and we decline to disturb those findings, which are entitled to great deference (see Matter of Judith L.C. v Lawrence Y., 179 AD3d 616, 616 [1st Dept 2020]).
Insofar as respondent seeks review of the finding in the underlying order that the text messages he sent petitioner constituted the family offense of aggravated harassment (Penal Law § 240.30[1][a]), the appendix respondent filed with this Court is inadequate to permit review because it does not contain the text messages considered by the Family Court. Accordingly, the appeal is dismissed to that extent (CPLR 5528[a][5]; see Reale v Reale, 104 AD3d 747, 747-748 [2d Dept 2013]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 4, 2021