Matter of Jose M.R. v Arian S. (2022 NY Slip Op 05816)

Matter of Jose M.R. v Arian S.

2022 NY Slip Op 05816

Decided on October 18, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 18, 2022

Before: Acosta, P.J., Renwick, Webber, Singh, Moulton, JJ. 

Docket No. O-02944/20, O-04339/20 Appeal No. 16469-16470 Case No. 2022-00321, 2022-00318 

[*1]In the Matter of Jose M.R., Petitioner-Respondent,
v
Arian S., Respondent-Appellant.
In the Matter of Arian S., Petitioner-Appellant,
v
Jose M.R., Respondent-Respondent.

Larry S. Bachner, New York, for appellant.
Law Office of Lewis S. Calderon, Jamaica (Lewis S. Calderon of counsel), for respondent.

Order of fact-finding and disposition (one paper), Family Court, New York County (Jacob K. Maeroff, Referee), entered on or about January 24, 2022, which, after a fact-finding hearing in a proceeding brought under article 8 of the Family Court Act, found that respondent-appellant Arian S. committed family offenses against petitioner-respondent Jose R. and issued a two-year order of protection in favor of Jose R., unanimously modified, on the law, to the extent of vacating the findings of assault in the second degree and assault in the third degree against Arian S., and dismissing those counts of the petition, and otherwise affirmed, without costs. Order of dismissal, same court and Referee, entered on or about January 24, 2022, which, after the same fact-finding hearing, dismissed petitioner-appellant Arian S.'s petition for an order of protection against respondent-respondent Jose R., unanimously affirmed, without costs.
A fair preponderance of the evidence supports Family Court's finding that Arian S. committed the family offense of disorderly conduct (see Family Ct Act §§ 812[1]; 832[c]). Jose R. testified that on one occasion, he and Arian S. were standing outside a store when Arian S. hit him in the face with two bottles of peroxide then followed him into the premises and hit him again, causing the people inside the store to be "shocked" and a cashier to summon the police. This testimony, in addition to Arian S.'s own testimony at the hearing, sufficiently establishes that Arian S.'s actions recklessly created a risk of public inconvenience, annoyance, or alarm (see Penal Law § 240.20[1]; Matter of Nafissatou D. v Ibrahima B., 149 AD3d 517, 517 [1st Dept 2017], lv denied 29 NY3d 918 [2017]).
In addition, Jose R.'s testimony supports a finding that Arian S.'s actions constituted the family offense of harassment in the second degree (Family Ct Act §§ 812[1]; 832). With respect to the incident in the store, Jose R. testified that Arian S. continued to follow him in and out of the store as he pleaded with Arian S. to leave him alone. Jose R. also testified to a second incident in which Arian S. hit him and ripped items in his home with a knife that he then used to threaten Jose R., causing Jose R. to become afraid and seek shelter in a neighbor's apartment. Thus, in light of the testimony regarding both incidents, the evidence supported findings that Arian S., "with intent to harass, annoy or alarm" Jose R., attempted or threatened to subject him to physical contact, and followed him "in or about a public place" (Penal Law § 240.26[1], [2]; see Matter of William M. v Elba Q., 121 AD3d 489, 489 [1st Dept 2014]; Matter of Nafissatou D., 149 AD3d at 517).
However, we find that a fair preponderance of the evidence at the fact-finding hearing does not support the finding that Arian S. committed the family offense of assault in the second degree or the lesser offense of assault in the third degree (see Family Ct Act §§ 812[1]; Penal Law § 120.00[*2]). Jose R.'s testimony that appellant left him with "a lot of injuries," is insufficient to establish serious physical injury (see Penal Law §§ 10.00[10], 120.05[1]; see Matter of Leonardo Thomas B. v Katherine F., 151 AD3d 614, 614 [1st Dept 2017]). Similarly, Jose R.'s testimony is insufficient to establish that, "[w]ith intent to cause physical injury to another person, [respondent] cause[d] such injury to such person . . . by means of a . . . dangerous instrument" (Penal Law §§ 10.00[9], 120.05[2]; see People v Williams, 146 AD3d 906 [2d Dept 2017], lv denied 29 NY3d 1002 [2017]). Nor is Jose R.'s testimony sufficient to establish that his injuries caused an impairment of his physical condition or substantial pain (Penal Law §§ 10.00[9], 120.00[1]; see Matter of Chigusa Hosono D. v Jason George D., 137 AD3d 631, 631 [1st Dept 2016]).
Contrary to Arian S.'s contention, he was not denied due process when the Family Court sua sponte conformed the petition to the proof adduced during the fact-finding hearing, as Arian S. could not have been surprised or prejudiced by his own admissions (see Matter of Oksoon K. v Young K., 115 AD3d 486, 487 [1st Dept 2014], lv denied, 24 NY3d 902 [2014]).
As to Arian S.'s petition, we find no basis to disturb the Family Court's determination that Jose R. was more credible than Arian S. (see Matter of Lisa S. v William V., 95 AD3d 666, 666 [1st Dept 2012]). In addition, the fact-finding testimony could support a finding that it was Arian S. who was the initial aggressor that day. Further, the medical records in and of themselves do not establish that Jose R. committed a family offense of assault.
The fact-finding testimony demonstrates that the two-year order of protection directing Arian S. to refrain from committing family offenses against petitioner was warranted and reasonable, because it will likely "end the family disruption" (Family Ct Act § 842[a]; see Matter of Sheila N. v Rudy N., 184 AD3d 514, 514 [1st Dept 2020]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 18, 2022