Matter of Romero S. v Daniel R. (2022 NY Slip Op 06873)

Matter of Romero S. v Daniel R.

2022 NY Slip Op 06873

Decided on December 01, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 01, 2022

Before: Manzanet-Daniels, J.P., Moulton, González, Rodriguez, Higgitt, JJ. 

Docket No. O-2309/21 Appeal No. 16763 Case No. 2021-04343 

[*1]In the Matter of Flor Maria Romero S., Petitioner-Respondent,
v
Luis Daniel R. Respondent-Appellant.

Richard L. Herzfeld, P.C., New York (Richard L. Herzfeld of counsel), for appellant.
Monica S. Eskin, PC, Bronx (Monica S. Eskin of counsel), for respondent.

Appeal from order of fact-finding and disposition (one paper), Family Court, Bronx County (Kristine M. Marshall, Referee), entered on or about November 3, 2021, which granted a two-year order of protection in favor of petitioner upon a determination that respondent committed the family offense of harassment in the second degree, unanimously dismissed, without costs, as taken from a nonappealable paper.
No appeal lies from the order, as it was entered upon respondent's default (see CPLR 5511; Matter of Anita L. v Damon N., 54 AD3d 630, 631 [1st Dept 2008]; compare Matter of Jabuki M. v Nicole B., 196 AD3d 405, 405 [1st Dept 2021]). Respondent failed to appear for the fact-finding hearing, which was held remotely, despite being given multiple opportunities to do so and warnings by the court that it would proceed in his absence.
Were we to consider the appeal on the merits, we would affirm the order. The finding that defendant committed the family offense of harassment in the second degree was supported by a fair preponderance of the evidence, warranting a two-year order of protection in petitioner's favor (see Family Court Act § 832; Penal Law § 240.26 [3]; Matter of Sheila N. v Rudy N., 184 AD3d 514, 514 [1st Dept 2020]). Any error by the court in considering post-petition events was harmless in view of the otherwise overwhelming evidence supporting the court's determination (see Matter of Gracie C. v Nelson C., 118 AD3d 417, 417 [1st Dept 2014]). The fact that the court did not set forth the basis for its findings does not require a remand of the matter, as the record sufficiently permits this Court to conduct an independent factual review and draw its own conclusions (see Matter of Doris M. v Yarenis P., 161 AD3d 502, 503 [1st Dept 2018; Matter of Allen v Black, 275 AD2d 207, 209 [1st Dept 2000]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 1, 2022