Matter of Alisa H. v Ayana B. (2023 NY Slip Op 06313)

Matter of Alisa H. v Ayana B.

2023 NY Slip Op 06313

Decided on December 07, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 07, 2023

Before: Webber, J.P., Scarpulla, Pitt-Burke, Rosado, O'Neill Levy, JJ. 

Docket No. O-08665/20 Appeal No. 1160 Case No. 2022-02908 

[*1]In the Matter of Alisa H., Petitioner-Respondent,
v
Ayana B., Respondent-Appellant.

Law Offices of Randall S. Carmel, Jericho (Randall S. Carmel of counsel), for appellant.
Geoffrey P. Berman, Larchmont, for respondent.

Order, Family Court, New York County (Jessica Brenes, Ref.), entered on or about May 16, 2022, which, upon a fact-finding determination that respondent committed the family offenses of harassment in the second degree and disorderly conduct, granted a seven-month order of protection in favor of petitioner, unanimously affirmed, without costs.
A fair preponderance of the evidence supports Family Court's finding that respondent's conduct constituted the family offenses of harassment in the second degree and disorderly conduct.[FN1] Petitioner's testimony, which the court found credible, supports the finding that respondent engaged in a course of conduct which served no legitimate purpose, with intent of seriously annoying or alarming petitioner (Family Ct Act § 832; Penal Law § 240.26[3]; see Matter of Rosa G. v Hipolito D., 215 AD3d 571, 571 [1st Dept 2023]; Matter of Anthony B. v Judy M., 167 AD3d 476, 476 [1st Dept 2018]). Petitioner testified that at various times between 2015 and 2020, respondent would come to petitioner's apartment, sometimes late at night and sometimes with a group of friends, to bang and kick on the door while screaming profanities and threatening to harm her. Petitioner stated that respondent's actions frightened and disturbed her. From those actions and the surrounding circumstances, Family Court properly inferred that respondent intended to cause these effects (see Matter of Giovanni De M. v Nick W., 200 AD3d 517, 518 [1st Dept 2021]).
Similarly, a fair preponderance of the evidence supports Family Court's finding that with intent to cause public inconvenience, annoyance, or alarm, respondent committed the family offense of disorderly conduct by engaging in violent, tumultuous, or threatening behavior and by using abusive or obscene language in a public place (Penal Law § 240.20[1], [3]; Family Court Act § 832). Petitioner testified that in 2018, she was having a cookout with several family members when respondent appeared uninvited with a group of women and spent the rest of the event cursing at petitioner and making threats (see Penal Law § 240.20[1]; Matter of Jolanda K. v Damian B., 150 AD3d 539, 539-540 [1st Dept 2017]). Petitioner also testified that between 2019 and 2020, respondent screamed obscenities and insults at petitioner while in a public place (Penal Law § 240.20[3]; see Matter of Sasha R. v Alberto A., 127 AD3d 567, 568 [1st Dept 2015]). This evidence supports a finding that respondent intended to cause, or recklessly created a risk of causing, "public inconvenience, annoyance, or alarm" (see Matter of Nafissatou D. v Ibrahima B., 149 AD3d 517, 517 [1st Dept 2017], lv denied 29 NY3d 918 [2017]).
Finally, the record supports Family Court's determination that a seven-month order of protection is warranted based upon what it determined to be the credible testimony of petitioner and we see no basis for disturbing these findings (see Matter of Sheila N. v Rudy N., 184 AD3d 514, 515 [1st Dept 2020]). 
THIS [*2]CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
 
ENTERED: December 7, 2023

Footnotes

Footnote 1: The parties do not challenge Family Court's determination that they shared an intimate relationship pursuant to Family Court Act § 812(1)(e).