Matter of E.T. v J.R. (2025 NY Slip Op 06275)

Matter of E.T. v J.R.

2025 NY Slip Op 06275

Decided on November 18, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 18, 2025

Before: Webber, J.P., González, Mendez, Rodriguez, Pitt-Burke, JJ. 

Docket No. O-23058/22|Appeal No. 5169|Case No. 2024-01047|

[*1]In the Matter of E.T., Petitioner-Respondent,
v
J.R., Respondent-Appellant.

Law Office of Thomas R. Villecco, P.C., New York (Thomas R. Villecco of counsel), for appellant.

Orders of protection and fact-finding and disposition, Family Court, Bronx County (Lesley A. Johannsen, Ref.), entered on or about February 15, 2024, which, after a hearing, determined that respondent J.R. committed the family offense of harassment in the second degree, granted the petition, and issued a six-month order of protection directing respondent to stay away and not contact petitioner until August 14, 2024, unanimously affirmed, without costs.
Although the order of protection issued to petitioner has expired by its own terms, given the enduring consequences that may flow from an adjudication that respondent committed a family offense, we will address the merits of the appeal (see Matter of Jasna Mina W. v Waheed S., 170 AD3d 572, 572 [1st Dept 2019]).
A fair preponderance of the evidence established that respondent's actions constituted the family offense of harassment in the second degree (see Family Ct Act §§ 812[1]; 832; Penal Law § 240.26[3]). Respondent's behavior and actions, including accessing petitioner's email account without permission and canceling petitioner's trips without petitioner's knowledge; sending petitioner a text message asking if petitioner was having travel difficulties and telling him that he was going to be delayed or detained while traveling abroad; and appearing at petitioner's place of employment, bus stop, and apartment building were all done with the intent to alarm or seriously annoy petitioner and served no legitimate purpose (see Matter of Inez A. v David A., 222 AD3d 547 [1st Dept 2023]).
Respondent's assertion that there was insufficient proof of his intent is unavailing, as his "intent was fairly inferred from his actions" (Matter of Sarah W. v David W., 100 AD3d 463, 463 [1st Dept 2012]). Family Court's credibility determinations in petitioner's favor are entitled to great deference and we find no basis to disturb them (see Matter of I.E. v J.I., 233 AD3d 608, 608 [1st Dept 2024]; Matter of Lisa S. v William V., 95 AD3d 666 [1st Dept 2012]). The issuance of the six-month order of protection was appropriate as it was likely to "be helpful in eradicating the root of the family disturbance" (Matter of Oksoon K. v Young K., 115 AD3d 486, 487 [1st Dept 2014], lv denied 24 NY3d 902 [2014]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 18, 2025