Matter of Pascal W. v Carlos M.-J.

2026 NY Slip Op 02384

April 21, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Pascal W., Respondent,

v

Carlos M.-J., Appellant.

Decided and Entered: April 21, 2026

Docket No. O-05047/22|Appeal No. 6413|Case No. 2025-02470|

Before: Renwick, P.J., Friedman, Gesmer, Pitt-Burke, Hagler, JJ.

Law Office of Lewis S. Calderon, Jamaica (Lewis Calderon of counsel), for appellant.

[*1]

Order, Family Court, New York County (Jacob K. Maeroff, Ref.), entered on or about April 8, 2025, which, after a fact-finding hearing, determined that respondent committed a family offense act that would constitute harassment in the second degree, suspended judgment for six months, and issued an order of protection to be in effect during the six-month period, unanimously affirmed, without costs.

The expiration of the order of protection by its own terms did not render this appeal moot, as the order finding that respondent committed a family offense can "prompt severely deleterious future legal rulings against" him (Matter of Veronica P. v Radcliff A., 24 NY3d 668, 671-672 [2015]).

Nevertheless, a fair preponderance of the evidence supports the finding that respondent committed a family offense by performing an act that constitutes second-degree harassment by intentionally bumping into petitioner for no legitimate purpose (Family Court Act § 812; Penal Law § 240.26[1]; see Matter of Edward B. v Elizabeth T., 156 AD3d 423, 424 [1st Dept 2017]). Petitioner's witness testified that as the parties passed each other on the sidewalk, respondent moved towards petitioner, bumped into him, and "kind of shove[d] him . . . to the left." The court's credibility determination that respondent was less credible than petitioner and the witness is entitled to great deference and there is no basis to disturb it (see Matter of R.H. v M.C.H., 239 AD3d 577, 578 [1st Dept 2025]).

Family Court providently exercised its discretion in issuing a six-month order of protection upon finding that respondent committed a family offense (Family Court Act § 842[a]; see Matter of Miriam M. v Warren M., 51 AD3d 581, 582 [1st Dept 2008]).

We have considered respondent's remaining contentions and find them unavailing.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 21, 2026