## (June 14, 1983)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL McFARLAND, Also Known as MICHAEL McFARLAN, Appellant. — Three judgments of the Supreme Court, Bronx County (Lawrence Bernstein, J.), rendered on November 20, 1980, unanimously affirmed. Application by appellant's counsel to withdraw as counsel is granted. (See *Anders v California,* 386 US 738; *People v Saunders,* 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no meritorious points which could be raised on this appeal. Concur — Murphy, P. J., Sullivan, Silverman, Milonas and Kassal, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STANLEY DOUGLAS WASHINGTON, Appellant. — Judgment, Supreme Court, New York County (Clifford A. Scott, J.), rendered on May 1, 1981, unanimously affirmed. In addition, we do not consider the sentence fixed as excessive. Application by appellant's counsel to withdraw as counsel is granted. (See *Anders v California,* 386 US 738; *People v Saunders,* 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no meritorious points which could be raised on this appeal. Concur — Kupferman, J. P., Sandler, Ross, Asch and Alexander, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL STEELE, Appellant. — Judgment, Supreme Court, New York County (Harold Rothwax, J.), rendered on November 19, 1981, unanimously affirmed. Application by appellant's counsel to withdraw as counsel is granted. (See *Anders v California,* 386 US 738; *People v Saunders,* 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no meritorious points which could be raised on this appeal. Concur — Carro, J. P., Silverman, Bloom, Fein and Kassal, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GUY CUNNINGHAM, Appellant. — Judgment, Supreme Court, Bronx County (Howard Bell, J.), rendered March 9, 1981, convicting defendant of burglary in the third degree (Penal Law, § 140.20) and criminal mischief in the third degree (Penal Law, § 145.05), and imposing concurrent indeterminate sentences of 3 to 6 years on the burglary count and 2 to 4 years on the criminal mischief count unanimously modified, on the law, only to the extent of reducing the conviction for criminal mischief in the third degree to criminal mischief in the fourth degree, and reducing the sentence on that count to one year, and otherwise affirmed. In order to convict appellant of criminal mischief in the third degree under section 145.05 of the Penal Law, the People had to prove beyond a reasonable doubt that the damage to the victim's property exceeded $250. The evidence of value was insufficient. The damage to the property consisted of a small hole in one of the panes of glass in an office window, and bent protective bars. In the absence of sufficient proof of value, the conviction for criminal mischief in the third degree cannot stand. However, pursuant to subdivision 1 of section 145.00 of the Penal Law, a person is guilty of criminal mischief in the fourth degree when he "[i]ntentionally damages property of another person". The evidence was sufficient to support the jury's determination that defendant had intentionally damaged the property of another person. Accordingly he is guilty of criminal mischief in the fourth degree, a class A misdemeanor respecting which the maximum sentence is one year. Therefore we have reduced the conviction on that count to criminal mischief in the fourth degree, and reduced the sentence as to that count to one year. Since we find no reason to disturb the conviction of burglary in the third degree, we affirm as to that count. Concur — Carro, J. P., Bloom, Fein, Lynch and Kassal, JJ.