■ In the Matter of IRMA A., Respondent, v DAVID A., Appellant. [29 NYS3d 789]—

Order, Family Court, New York County (Mary E. Bednar, J.), entered on or about March 13, 2015, which, upon a finding that respondent had committed the family offense of menacing in the second degree, granted petitioner an order of protection directing respondent to, among other things, stay away from petitioner and her children for one year, unanimously affirmed, without costs.

Petitioner established by a fair preponderance of the evidence that respondent had committed the family offense of menacing in the second degree (*see* Family Ct Act §§ 812 [1]; 832; Penal Law § 120.14 [1]; *see People v Bartkow*, 96 NY2d 770, 772 [2001]). Petitioner testified that in October 2013, respondent confronted her in her lobby, at 1:30 a.m., holding a broken bottle, accused her of cheating on him with another man, and threatened to kill her and her family if she went to the police or took him to court. Petitioner's allegations in the petition adequately put respondent on notice of the October 2013 incident (*see Matter of Little v Renz*, 90 AD3d 757, 757 [2d Dept 2011]), and the record supports Family Court's determination to credit petitioner's testimony (*see Matter of Nasiim W. [Keala M.]*, 88 AD3d 452, 454 [1st Dept 2011]).

The doctrine of res judicata did not bar Family Court from making a finding based on the October 2013 incident. Petitioner's first petition regarding the incident was dismissed "without prejudice" based on her failure to appear; such a dismissal is not a final determination on the merits for res judicata purposes (*see Landau, P.C. v LaRossa, Mitchell & Ross*, 11 NY3d 8, 13 [2008]). Concur—Mazzarelli, J.P., Renwick, Saxe, Gische and Kahn, JJ.