■ In the Matter of OMOBOLANLE O., Respondent, v KEVIN J., Appellant. [60 NYS3d 822]—

Order, Family Court, Bronx County (Llinet M. Rosado, J.), entered on or about May 11, 2016, which determined that respondent Kevin J. committed the family offenses of reckless endangerment in the second degree, menacing in the third degree, criminal mischief in the fourth degree, harassment in the second degree and disorderly conduct, and awarded petitioner a five-year order of protection directing respondent to, inter alia, stay away from her and the parties' child, and not contact them except as necessary to effectuate court-ordered visitation, unanimously affirmed, without costs.

Contrary to petitioner's contention, the appeal is timely because the order, which was served in open court, does not contain the language required by Family Court Act § 1113 notifying respondent that he had 30 days to appeal.

Having reviewed the record, and finding no grounds to disturb Family Court's credibility determinations (*see Matter of Lisa W. v John M.*, 132 AD3d 459, 460 [1st Dept 2015]), we conclude that the allegations in the petition were established by a fair preponderance of the evidence (*see* Family Ct Act § 832). The record establishes that respondent's actions during a July 2013 incident constituted the family offense of reckless endangerment in the second degree, as petitioner testified that he shoved her head against a wall, put his hands around her neck and squeezed until she could not breathe, and punched her repeatedly with his fists, demonstrating a disregard of the substantial risk that he could have seriously injured her (*see Matter of Rebecca M.T. v Trina J.M.*, 134 AD3d 551 [1st Dept 2015]).

The family offense of criminal mischief in the fourth degree is supported by respondent's own testimony that he purposefully destroyed petitioner's speaker and cell phone. Contrary to respondent's contention, it was not necessary to demonstrate the value of the destroyed property (*see Matter of Michael M.*, 201 AD2d 288, 289 [1st Dept 1994]; *People v Cunningham*, 95 AD2d 680, 680 [1st Dept 1983], *lv denied* 60 NY2d 615 [1983]).

The family offense of menacing in the third degree is supported by petitioner's testimony that respondent forcibly removed her from his vehicle, then told her she would have to "go through him" if she tried to take the child with her, causing her to be frightened for her and the child's safety (*see Matter of Sonia S. v Pedro Antonio S.*, 139 AD3d 546, 547 [1st Dept 2016]; *Matter of Daniel R.*, 49 AD3d 266, 267 [1st Dept 2008]).

The family offense of disorderly conduct was established by testimony that the parties' neighbors appeared during an altercation and yelled that if disruptions did not cease, they would contact the police (*see Matter of Tamara A. v Anthony Wayne S.*, 110 AD3d 560, 560-561 [1st Dept 2013]).

Finally, the family offense of harassment in the second degree was established by testimony that respondent grabbed the child from petitioner, pushed her to the floor, stomped on her with his boots, and punched her all over her body, causing injury (*see Matter of Jessica C. v Esteban B.*, 13 AD3d 183, 183 [1st Dept 2004]).

The finding that aggravated circumstances existed warranting a five-year order of protection is supported by a preponderance of the evidence showing that respondent engaged in a series of violent and threatening actions directed at petitioner while in the presence of the child (*see Matter of Pei-Fong K. v Myles M.*, 94 AD3d 675, 676 [1st Dept 2012]). Concur—Renwick, J.P., Webber, Oing and Moulton, JJ.