Matter of Putnam v Jenney (2019 NY Slip Op 00012)





Matter of Putnam v Jenney


2019 NY Slip Op 00012


Decided on January 3, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 3, 2019

525927

[*1]In the Matter of WILLIAM PUTNAM, Respondent,
v
MITCHELL JENNEY, Appellant.

Calendar Date: November 15, 2018

Before: Garry, P.J., Egan Jr., Lynch, Aarons and Pritzker, JJ.


Rural Law Center of New York, Castleton (Kelly L. Egan of counsel), for appellant.
Lisa K. Miller, McGraw, for respondent.



MEMORANDUM AND ORDER
Lynch, J.
Appeal from an order of the Family Court of Cortland County (Ames, J.), entered October 6, 2017, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 8, for an order of protection.
In August 2017, petitioner, who had been living with respondent, his brother-in-law, filed a family offense petition alleging that respondent "pulled a knife out on [him]" during an argument and that such behavior was "dangerous or threatening." After a fact-finding hearing, Family Court determined that respondent had committed a family offense and issued a two-year order of protection in petitioner's favor. Respondent appeals, arguing that the court's finding was not supported by a fair preponderance of the evidence.
In a family offense proceeding, the petitioner has the burden of establishing by a fair preponderance of the evidence that the respondent committed one of a number of specified offenses (see Family Ct Act §§ 812 [1]; 832; Matter of Debra SS. v Brian TT., 163 AD3d 1199, 1203 [2018]). "Whether a family offense has been committed is a factual issue to be resolved by Family Court, and its determinations regarding the credibility of witnesses are entitled to great weight on appeal" (Matter of Maureen H. v Bryon I., 140 AD3d 1408, 1409-1410 [2016] [internal quotation marks, ellipsis and citations omitted]; see Matter of Kristina L. v Elizabeth M, 156 AD3d 1162, 1165 [2017], lv denied 31 NY3d 901 [2018]).
Respondent contends that the evidence did not establish that he committed the family offenses of harassment in the second degree and menacing in the second degree. A person is guilty of menacing in the second degree when "[h]e or she intentionally places or attempts to place another person in reasonable fear of physical injury, serious physical injury or death by displaying a deadly weapon [or] dangerous instrument" (Penal Law § 120.14). A person is guilty of harassment in the second degree when, "with intent to harass, annoy or alarm another person[,] [h]e or she . . . subjects such person to physical contact, or attempts or threatens to do the same" (Penal Law § 240.26 [1]). "[T]he intent element may be inferred from the surrounding [*2]circumstances" (Jennifer JJ. v Scott KK., 117 AD3d 1158, 1160 [2014] [internal quotation marks and citation omitted]).
Petitioner's girlfriend, Marie Wing, testified that she, petitioner, respondent and respondent's spouse, Kylea Jenney, were residing together in an apartment. According to petitioner, respondent and Jenney were arguing and, when petitioner "stuck up for" Jenney, his sibling, respondent threw a box of antibacterial wipes at him. Respondent then asked Jenney to get his knife, Jenney complied and, while holding the knife in his hand, respondent told petitioner, "go back in your bedroom before I stab you." Wing testified that she saw respondent throw the box at petitioner. Wing heard respondent ask Jenney to get the knife, but did not see respondent threaten petitioner with it. Both Wing, who was pregnant at the time, and petitioner testified that they moved out of the apartment because they were fearful of respondent and his threatening behavior.
Though both respondent and Jenney denied that a knife was used to threaten petitioner, each confirmed that respondent owned two knives that could have fit petitioner's description and neither denied that respondent threw the box of wipes at petitioner. Jenney testified that petitioner and respondent were prone to "screaming matches" in the apartment, but denied that there were ever any physical altercations between the two men. Respondent also testified that he and petitioner often argued, but denied that any argument became physical or that he ever threatened petitioner. Family Court was entitled to credit petitioner's and Wing's testimony, particularly in consideration of the uncontroverted "bad blood" and respondent's volatility during his testimony (see Matter of Michele OO. v Kevin PP., 161 AD3d 1248, 1249 [2018]). Deferring to these credibility assessments, we find that the testimony that respondent threatened petitioner with a knife established by a preponderance of the evidence that respondent committed the family offense of menacing in the second degree (see Matter of Irma A. v David A., 139 AD3d 454, 454 [2016]) and harassment in the second degree (see Matter of Debra SS. v Brian TT., 163 AD3d 1199, 1204 [2018]; Matter of Vanita UU. v Mahender VV., 130 AD3d 1161, 1166 [2015], lv denied 26 NY3d 998 [2015]).
Next, "[t]o successfully maintain [an ineffective assistance of counsel] claim, a party must demonstrate that he or she was deprived of reasonably competent and, thus, meaningful representation" (Matter of Brent O. v Lisa P., 161 AD3d 1242, 1246 [2018] [internal quotation marks and citations omitted]). Respondent's primary complaint is that trial counsel should have impeached Wing after she testified about certain messages sent through social media. The messages were not sent by respondent, however, nor did they bear on Family Court's determination. In our view, trial counsel participated in the fact-finding hearing by questioning Jenney and respondent, cross-examining petitioner and Wing, making objections and presenting a brief, but cogent, closing argument. Under the circumstances, though the representation may not have been flawless, we cannot say it was not reasonably competent and, therefore, respondent's claim is without merit (see Matter of Arieda v Arieda-Walek, 74 AD3d 1432, 1434 [2010]).
Garry, P.J., Egan Jr., Aarons and Pritzker, JJ., concur.
ORDERED that the order is affirmed, without costs.