Matter of Jasna Mina W. v Waheed S. (2019 NY Slip Op 02267)





Matter of Jasna Mina W. v Waheed S.


2019 NY Slip Op 02267


Decided on March 26, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 26, 2019

Sweeny, J.P., Richter, Tom, Kapnick, Oing, JJ.


8777

[*1]In re Jasna Mina W., Petitioner-Respondent,
v
Waheed S., Respondent-Appellant.


Steven N. Feinman, White Plains, for appellant.
Leslie S. Lowenstein, Woodmere, for respondent.



Order of protection, Family Court, New York County (Gail A. Adams, Referee), entered on or about March 30, 2018, against respondent-appellant, after a fact-finding determination that he committed the family offense of harassment in the second degree, unanimously affirmed, without costs.
Although the order of protection has expired, we address the merits of the appeal, since enduring consequences may flow from the adjudication that respondent has committed a family offense (see Matter of Veronica P. v Radcliff A., 24 NY3d 668, 671-672 [2015]; Matter of Ramona A.A. v Juan M.N., 126 AD3d 611 [1st Dept 2015]).
A fair preponderance of the evidence supports Family Court's finding that respondent committed the family offense of harassment in the second degree, warranting the issuance of an order of protection against him (see Family Ct Act §§ 812[1]; 832, 842; Penal Law § 240.26[1]). The Referee found petitioner's testimony to be credible, and there is no basis in the record to disturb this credibility determination (see Matter of Omobolanle O. v Kevin J., 154 AD3d 442, 442 [1st Dept 2017]; Matter of Chigusa Hosono D. v Jason George D., 137 AD3d 631, 632 [1st Dept 2016]). Petitioner's testimony described physical contact, including poking and pinching her in order to harass her into having sex, and also a course of conduct including persistent unwanted communications, name calling and threats, all of which were intended to and did cause her alarm or seriously annoy her, and which served no legitimate purpose (Penal Law 240.26[1], [3]; see Matter of Reiss v Reiss, 221 AD2d 280, 280 [1st Dept 1995], lv denied 89 NY2d 801 [1996]; see Matter of Putnam v Jenney,
__ AD3d __, 2019 NY Slip Op 00012 [3d Dept 2019]).
We have considered respondent's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 26, 2019
CLERK