Matter of Genesis E.R. v Jarel E.R. (2021 NY Slip Op 00131)





Matter of Genesis E.R. v Jarel E.R.


2021 NY Slip Op 00131


Decided on January 12, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 12, 2021

Before: Acosta, P.J., Webber, González, Scarpulla, JJ. 


Docket No. O-18631/16 Appeal No. 12840 Case No. 2020-01423 

[*1]In the Matter of Genesis E.R., Petitioner-Respondent,
v
Jarel E.R., Respondent-Appellant.


Law Office of Thomas R. Villecco, P.C., Jericho (Thomas R. Villecco of counsel), for appellant.
Kenneth M. Tuccillo, Hastings on Hudson, for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Susan Clement of counsel), attorney for the child.



Order, Family Court, Bronx County (Gilbert A. Taylor. J.), entered on or about January 3, 2020, which, upon a fact-finding determination that respondent committed the family offenses of assault in the third degree and menacing in the third degree, granted a two-year order of protection in favor of petitioner, unanimously affirmed, without costs.
A fair preponderance of the evidence (Family Court Act § 832) supports the Family Court's finding that respondent father committed acts constituting the family offense of menacing in the third degree (see Penal Law § 120.15; Matter of Omobolanle O. v Kevin J., 154 AD3d 442 [1st Dept 2017]). Petitioner testified that respondent shoved her to the floor after telling her he was going to beat her up, causing her to be frightened for her safety and the child's well-being.
The family offense of assault in the third degree was also supported by petitioner's testimony that respondent slammed her to the floor causing her pain that was "more than slight or trivial" (People v Martinez, 90 AD3d 409, 410 [1st Dept 2011], lv denied 18 NY3d 960 [2012] [internal quotation marks omitted]; see Penal Law § 120.00).
There exists no basis for disturbing the Family Court's credibility determinations (see Matter of Veronica P. v Radcliff A., 126 AD3d 492 [1st Dept 2015], lv denied 25 NY3d 911 [2015]). The court was entitled to credit portions of petitioner's testimony notwithstanding that it rejected her testimony in other respects (see Matter of Sonia S. v Pedro Antonio S., 139 AD3d 546, 547 [1st Dept 2016]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 12, 2021