Matter of Monique J. v Keith S. (2021 NY Slip Op 03279)





Matter of Monique J. v Keith S.


2021 NY Slip Op 03279


Decided on May 25, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 25, 2021

Before: Renwick, J.P., Gische, Webber, Scarpulla, JJ. 


Docket No. O1607/18 Appeal No. 13902 Case No. 2018-5134 

[*1]In the Matter of Monique J., Petitioner-Respondent,
v
Keith S. Respondent-Appellant.


Law Office of Thomas R. Villecco, P.C., Jericho (Thomas R. Villecco of counsel), for appellant.
Simpson Thacher & Bartlett LLP, New York (Shanice D. Hinckson of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Diane Pazar of counsel), attorney for the children.



Order, Family Court, Bronx County (Sarah P. Cooper, J.), entered on or about October 12, 2018, which, insofar as appealed from as limited by the briefs, upon a fact-finding determination that respondent committed the family offenses of assault in the third degree, menacing in the second degree, criminal mischief in the fourth degree, reckless endangerment in the second degree, and harassment in the second degree, and found the existence of aggravating circumstances, granted a five-year order of protection in favor of petitioner and her children, unanimously affirmed, without costs.
A fair preponderance of the evidence supports the Family Court's finding that on January 18, 2018, respondent committed acts constituting the family offenses alleged after he pushed petitioner into a wall causing a split lip, bruising and headaches (see Family Court Act § 832; Penal Law § 120.00[1]; Matter of Tatyana G. v Keith C., 190 AD3d 415 [1st Dept 2021]), threatened to slit her throat with a box cutter, and took her cellphone when she attempted to call for help. Petitioner's testimony was corroborated by the nonparty witness' testimony and the photograph taken by the police officers who responded to her home that day.
Contrary to respondent's contention, the finding that aggravated circumstances existed warranting a five-year order of protection is supported by a preponderance of the evidence. The record shows that respondent engaged in a series of violent and threatening actions directed at petitioner while the children were present in the home (see Family Court Act §§ 827 [a][vii]; 842; Matter of Omobolanle O. v Kevin J., 154 AD3d 442, 443 [1st Dept 2017]). The Family Court's credibility findings are entitled to great deference and we find no basis to disturb them (see Matter of Erin C. v Walid M., 165 AD3d 547, 548 [1st Dept 2018]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 25, 2021