IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jose Narvaez,                                    :
                              Petitioner         :
                                                 :
        v.                                       :
                                                 :
Pennsylvania Parole Board,                       :    No. 121 C.D. 2024
                              Respondent         :    Submitted: February 4, 2025

BEFORE:    HONORABLE ANNE E. COVEY, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON                                   FILED: March 7, 2025


        Jose Narvaez (Narvaez) petitions for review of the January 30, 2024,
decision of the Pennsylvania Parole Board (Board), which affirmed the Board's
September 5, 2023, order recalculating Narvaez's maximum sentence date after his
conviction as a parole violator. Narvaez's appointed counsel, Kent D. Watkins,
Esquire (Attorney Watkins), has also filed an application to withdraw. Upon review,
we grant Attorney Watkins's application and dismiss Narvaez's petition for review
as moot.


                            **I. Background**

        On September 20, 2017, Narvaez was sentenced to a prison term of 2-
5 years after pleading guilty to charges of drug possession with intent to deliver and
driving under the influence. Certified Record (C.R.) at 6.[1]  His minimum sentence

---

[1] Certified Record (C.R.) references reflect electronic pagination.

date was November 2, 2018, and his maximum sentence date was November 2, 2021. *Id*. In May 2019, the Board granted parole and Narvaez was released on August 20, 2019. *Id*. at 11 & 22. Over the next 21 months, Narvaez's parole officer reported multiple instances of failed drug tests and possession of drug paraphernalia and BB guns. *Id*. at 74. On May 12, 2021, Narvaez's parole officer reported him missing from his halfway house, and on May 14, 2021, the Board declared Narvaez delinquent for the technical violations of leaving his parole district without permission, changing his residence without permission, and failing to successfully complete his halfway house program. *Id*. at 26, 30 & 60.

During the period of Narvaez's delinquency, he was arrested in Syracuse, New York, on January 15 or 16, 2022, for stealing catalytic converters from five vehicles. *Id*. at 47, 61 & 66. He was held in New York until February 1, 2022, when he was returned to Pennsylvania on a parole detainer issued by the Board. *Id*. at 48. For the New York offense, he ultimately pleaded guilty in January 2023 to fourth-degree criminal mischief and was sentenced to time served (the 17 days between his arrest and his return to Pennsylvania) and a fine. *Id*. at 47.

On March 7, 2022, before Narvaez was convicted in New York, he was recommitted in Pennsylvania for his technical parole violations, and a new maximum sentence date of July 25, 2022, was calculated, representing 265 days of delinquency from his original maximum sentence date of November 2, 2021. *Id*. at 28. He later explained at his parole revocation hearing that he served that time and was released on or about July 24, 2022. *Id*. at 50.

On May 1, 2023, the Board issued an arrest warrant for Narvaez, who was found and arrested in Syracuse, New York, on May 2, 2023, and then returned to Pennsylvania. C.R. at 33 & 61. On July 26, 2023, while in Pennsylvania

2

Department of Corrections' (DOC) custody at a state prison, he was charged with a parole violation for the New York offense of which he had been convicted in January 2023. *Id*. at 38 & 61.

On August 1, 2023, a panel revocation hearing was held at which Narvaez was represented by Attorney Watkins, a public defender. C.R. at 40-41. At the hearing, Narvaez acknowledged that he committed the New York offense. *Id*. at 47. After the hearing, the hearing examiner recommended that Narvaez be denied credit for time at liberty due to his poor adjustment to parole (based on his parole officer's reports) and his conviction of the New York criminal offense. *Id*. at 74.

On September 18, 2023, the Board issued an order recalculating Narvaez's maximum sentence date to November 3, 2024. C.R. at 82. The Board's worksheet stated that Narvaez was given confinement time credit for 80 days he spent in a parole violator center between February 8, 2021, and April 29, 2021, and backtime credit for the 174 days he spent in prison serving time for his technical parole violations between his return from New York on February 1, 2022, and July 25, 2022, when he was released. *Id*. The Board calculated that Narvaez still owed 551 days of backtime as a convicted parole violator based on the New York offense. *Id*. Adding 551 days to May 2, 2023, when Narvaez returned to DOC custody, his new maximum sentence date was November 3, 2024. *Id*.

The Board explained in the attached decision that the reasons for its determination were Narvaez's lack of amenability to supervision while previously on parole, delinquency beginning in May 2021, commission of the New York criminal offense while delinquent, and "failure to comply with sanctions." C.R. at 84. His delinquency in 2021 was the basis for the Board's denial of credit for time at liberty. *Id*. at 85.

3

Narvaez sent two *pro se* letters to the Board asserting that the September 2023 order improperly recommitted him again for the previous technical parole violations that he had already served time for in 2022. C.R. at 89-94. Attorney Watkins also filed a timely administrative remedies form asserting that the Board wrongly failed to credit Narvaez for time in good standing while on parole and for all of the time he served while confined or incarcerated, improperly recommitted him for his prior technical parole violations, and should have treated his New York offense as a technical parole violation rather than a criminal conviction. *Id*. at 95.

On January 30, 2024, the Board issued a decision. C.R. at 97-99. The Board stated that Narvaez's New York offense of fourth-degree criminal mischief rendered him a convicted (rather than technical) parole violator because it was formalized in a court of record and was punishable by imprisonment pursuant to Section 6138(a)(1) of the Prisons and Parole Code, 61 Pa.C.S. § 6138(a)(1). *Id*. at 97. The Board added that Narvaez was only recommitted once for his technical parole violations on March 7, 2022. *Id*. at 98. The Board explained that those violations were included on the charge list for the August 2023 hearing, but after Narvaez's testimony that he served that time in 2022, the hearing examiner had them withdrawn and they were mentioned but not included in the September 2023 recalculation order and decision. *Id*. Next, the Board stated that Narvaez did not receive credit for time at liberty on parole because he absconded from his halfway house and Pennsylvania without permission and was deemed delinquent in May 2021. *Id*. The Board also explained its calculations resulting in Narvaez's new maximum sentence date of November 3, 2024. *Id*. at 99.

4

In February 2024, Attorney Watkins filed a timely appeal to this Court on Narvaez's behalf. In April 2024, after this Court issued a briefing schedule, Attorney Watkins filed an application to withdraw as counsel and a letter asserting that Narvaez's appeal lacked merit pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988). This matter is now ripe for review.

## II. Discussion

### A. Application for Withdrawal as Counsel

Court-appointed counsel seeking withdrawal will adequately protect an inmate's rights with a "no-merit" letter detailing the nature and extent of review, listing each issue the inmate wishes to have raised, and explaining why each issue is meritless. *Turner*, 544 A.2d at 928. The letter must include substantial reasons for concluding that the inmate's arguments are meritless. *Zerby v. Shanon*, 964 A.2d 956, 962 (Pa. Cmwlth. 2009). If this Court, after its own independent review, agrees with counsel that the petition is meritless, counsel will be permitted to withdraw.[2] *Id*.

### 1. Technical Requirements for Withdrawal

Counsel seeking to withdraw must satisfy the technical requirements for withdrawal of representation by (i) notifying the inmate of the request to withdraw; (ii) furnishing the inmate a copy of counsel's *Turner* letter; and (iii) advising the inmate of his right to retain new counsel or raise any points he may

---

[2] "Our scope of review of the Board's decision denying administrative relief is limited to determining whether necessary findings of fact are supported by substantial evidence, an error of law was committed, or constitutional rights have been violated." *Kazickas v. Pa. Bd. of Prob. & Parole*, 226 A.3d 109, 115 n.9 (Pa. Cmwlth. 2020).

deem worthy of consideration. *See Craig v. Pa. Bd. of Prob. & Parole*, 502 A.2d 758, 761 (Pa. Cmwlth. 1985).

Attorney Watkins attested in his *Turner* letter, which he provided to Narvaez, that he had concluded Narvaez's appeal was meritless, petitioned to withdraw, and advised Narvaez of his rights. *See Turner* Letter at 11 & Certificate of Serv., both filed Apr. 29, 2024. This Court thereafter issued an Order notifying Narvaez of his right to retain new counsel or file a brief on his own behalf. *See* Order, May 1, 2024. Attorney Watkins attested that he served Narvaez with a copy of that Order. *See* Certificate of Serv., filed May 1, 2024. Accordingly, Attorney Watkins complied with the technical requirements set forth in *Craig*.

### 2. Substantive Requirements for Withdrawal

Next, we consider whether Attorney Watkins sufficiently reviewed the matter, addressed each issue Narvaez wished to have raised, and explained why those issues are meritless. *See Turner*, 544 A.2d at 928. First, Attorney Watkins agreed with the Board that Narvaez was properly credited for the 80 days he spent confined at a parole violator center from February 8, 2021, to April 29, 2021, and the 174 days he spent incarcerated between February 1, 2022, and July 25, 2022. *Turner* Letter at 6-7.

Next, Attorney Watkins acknowledged that the Board sufficiently and correctly explained that it had discretion to deny Narvaez credit for time at liberty because he absconded from his halfway house and from Pennsylvania while on parole. *Turner* Letter at 7-8; *see Roberts v. Pa. Parole Bd.* (Pa. Cmwlth., No. 676 C.D. 2020, filed Aug. 20, 2021), slip op. at 8, 2021 WL 3701378, at *4 (unreported)

6

(collecting cases holding that the Board may deny credit for time spent at liberty when parolee absconds while subject to parole supervision).[3]

Next, Attorney Watkins agreed with the Board that Narvaez was not recommitted twice for his technical parole violations. *Turner* Letter at 9. Attorney Watkins adopted the Board's explanation that its September 2023 order and decision referenced its previous March 2022 order committing Narvaez for the first time on his technical parole violations, fully credited Narvaez for the time he spent incarcerated on those violations between February 2022 and July 2022, and did not impose additional time for his technical violations. *Id.*

Last, Attorney Watkins accepted the Board's position that Narvaez's conviction in New York of fourth-degree criminal mischief was sufficient to deem him a convicted parole violator as opposed to a technical parole violator. *Turner* Letter at 10. Attorney Watkins noted that the conviction was handed down in a court of record in New York, and we note that the charge is a crime punishable by imprisonment. *Id.*; *see also People v. Cunningham*, 463 N.Y.S.2d 470 (N.Y. App. Div. 1983) (stating that fourth-degree criminal mischief is a class A misdemeanor carrying a maximum sentence of one year).

The *Turner* letter submitted by Attorney Watkins demonstrates that he considered the entire record and the relevant legal authorities. As such, we conclude that he engaged in sufficient review and adequately explained why Narvaez's appeal is meritless. *See Turner*, 544 A.2d at 928. Accordingly, we proceed to an independent review of the merits. *See Zerby*, 964 A.2d at 960 (explaining that where

---

[3] Unreported memorandum opinions of this Court issued after January 15, 2008, may be cited for their persuasive value. *See* Section 414(a) of this Court's Internal Operating Procedures at 210 Pa. Code § 69.414(a).

counsel satisfies the technical and substantive requirements for withdrawal, the reviewing court "must then conduct its own review of the merits of the case").

### 3. Independent Review

"[G]enerally, a case will be dismissed as moot if there exists no actual case or controversy." *Fraternal Ord. of Police v. City of Phila.*, 789 A.2d 858 (Pa. Cmwlth. 2002). As this Court has explained:

> [T]he expiration of a parolee's maximum term renders an appeal of a Board revocation order moot. It is well settled that an appeal will be dismissed when the occurrence of an event renders it impossible for the court to grant the requested relief. Dismissal will be refused only if the issues involved are capable of repetition yet likely to evade review and of important public interest, or where a party will suffer some detriment without the court's decision.

*Taylor v. Pa. Bd. of Prob. & Parole*, 746 A.2d 671, 674 (Pa. Cmwlth. 2000) (internal citations omitted); *see also Mistich v. Pa. Bd. of Prob. & Parole*, 863 A.2d 116, 120 (Pa. Cmwlth. 2004). Additionally, a prisoner's release from incarceration does not moot his claim in litigation if he can show collateral consequences. *Mistich*, 863 A.2d at 120. However, while there is a presumption of collateral consequences where a litigant challenges his underlying criminal conviction, this presumption has not been extended to circumstances where the sentence, but not the conviction itself, is at issue. *Id.* Therefore, "where a petitioner chooses to attack only his sentence, and not the underlying conviction, the expiration of that sentence renders the case moot unless the petitioner can demonstrate collateral consequences adequate to satisfy the case-or-controversy requirement." *Id.*

Here, the Board calculated Narvaez's new maximum sentence date to be November 3, 2024. We agree with the Board's calculations as set forth above.

8

According to this Court's research, Narvaez is no longer in the custody and control of the Commonwealth.[4] This Court's May 1, 2024, Order, which was issued while Narvaez was ostensibly still incarcerated on his recalculated sentence, invited him to obtain new counsel and file a brief or to file a brief himself within 30 days, which would have been May 31, 2024. He did neither, so this Court has no advocacy upon which to consider whether the issues involved are capable of repetition yet likely to evade review, whether the issues involved are of important public interest, or whether a party will suffer some detriment without the Court's decision. *Taylor*, 746 A.2d at 674. Nevertheless, we will address them briefly, based on the record.

Though capable of repetition, the issues raised by Narvaez in his *pro se* and counseled appeals from the Board's initial determination would not evade review. This Court has repeatedly held that the Board may deny credit for time spent at liberty when a parolee absconds while subject to supervision. *Roberts*, slip op. at 8, 2021 WL 3701378, at *4 (collecting cases). Similarly, our Supreme Court has held that when a parolee is convicted of committing a new crime while on parole, the Board cannot recommit the individual as a technical parole violator. *Threats v. Pa. Bd. of Prob. & Parole*, 553 A.2d 906, 908 (Pa. 1989) (stating that "[w]here the alleged parole violation is based upon an act constituting a new crime of which [the parolee] is convicted, the Board can only resort to recommittal as a convicted parole violator"). As such, this exception is not applicable here.

Next, the record does not reflect that this matter or Narvaez's issues rise to the level of an important public interest. Lastly, regarding the potential detriment or collateral consequences Narvaez might suffer in the absence of a decision on the merits, he would have to show that some aspect of the Board's recalculation of his

---

[4] *See* https://inmatelocator.cor.pa.gov/#/ (last visited March 6, 2025).

9

maximum sentence date would "cause continuing injury" even after his release. *Mistich*, 863 A.2d at 120 (citing *United States v. Kissinger*, 309 F.3d 179, 181 (3d Cir. 2002), where the petitioner challenged a probation condition limiting his post-release ability to travel). Here, Narvaez has not challenged his underlying convictions, so there is no presumption of collateral consequences, and this Court can detect from the record no ongoing conditions or detriment specific to this case that will hinder or cause him continuing injury or detriment.

In the absence of facts supporting any of the foregoing exceptions, "[n]o live controversy remains" here. *Mistich*, 863 A.2d at 121. Accordingly, Narvaez's petition seeking review of the Board's recalculation of his maximum sentence date is moot in light of his release from prison.[5]

### III. Conclusion

For the foregoing reasons, we grant Attorney Watkins's application to withdraw as counsel and dismiss Narvaez's petition for review as moot.

_____
CHRISTINE FIZZANO CANNON, Judge

---

[5] Even if this matter were not moot, for the reasons explained in Attorney Watkins's *Turner* letter, the record supports the Board's order recalculating Narvaez's maximum sentence date and the reasons presented in its associated decision.

10

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jose Narvaez,                                   :
                          Petitioner             :
                                                :
         v.                                     :
                                                :
Pennsylvania Parole Board,              :        No. 121 C.D. 2024
                          Respondent             :

## **O R D E R**

AND NOW, this 7th day of March, 2025, the application to withdraw as counsel filed by Kent D. Watkins, Esquire, is GRANTED. The petition for review filed on February 14, 2024, by Jose Narvaez is DISMISSED as MOOT.

_____
CHRISTINE FIZZANO CANNON, Judge